**GLORIA B.S., Petitioner,**

v.

**RICHARD G.S., Respondent.**

Family Court of Delaware,
New Castle County.

Submitted: May 5, 1982.
Decided: May 21, 1982.

Samuel J. Frabizzio, Agostini & Frabizzio, Wilmington, for petitioner.

Colin M. Shalk, Tybout, Redfearn, Casarino & Pell, Wilmington, for respondent.

ARSHT, Judge.

This is the Court's decision after review of the legal memoranda submitted on the issue of whether or not the Workmen's Compensation benefits received by the respondent, Richard G.S., are to be considered marital property subject to distribution pursuant to 13 *Del.C.* § 1513.

The respondent was injured on July 25, 1981, in an accident compensable under the Workmen's Compensation Law of the State of Delaware. At the time of the accident the respondent was repairing the brakes of one of his employer's trucks when a pneumatic cylinder exploded striking the respondent's left side of his face, cutting and crushing the globe of his left eye and fracturing and crushing the eye socket and cheek bone on the left side of his face. As a result of the accident, the respondent lost the complete use of his left eye. The respondent entered into an agreement as to compensation on July 31, 1981, for a total disability in the amount of $194.81 per week.

The respondent and the Workmen's Compensation carrier subsequently entered into an agreement as to compensation for the 100% loss of the left eye, representing 200 weeks at $194.81 per week, or the sum of $38,962.00. Of the amount stated, i.e., $38,962.00, the carrier made a lump sum payment of $4,065.06 on January 28, 1982, with the remainder to be paid on a weekly installment basis of $194.81. On or about April 1, 1982, the Industrial Accident Board (hereinafter called "Board") commuted the loss of use payments to 19 *Del.C.* § 2358 in the amount of approximately $28,000. The commutation was granted on the basis that the claimant could purchase a truck cab and return to his former livelihood as a truck driver. The order had not been entered, the exact amount calculated, nor payment made as of the date of the stipulation. In addition, the respondent is entitled to a

disfigurement award pursuant to 19 *Del.C.* § 2326(f). The respondent has entered into a settlement for his claim for disfigurement in the amount of 40 weeks at $194.81 per week with the right to petition later for further benefits.

Section 1513(a) provides that the Court shall equitably divide, distribute and assign the marital property between the parties upon consideration of all relevant factors including those factors deliniated at §§ (a)(1) through (11). In determining what property constitutes marital property the statute provides as follows:

"(b) For purposes of this chapter only, 'marital property' means all property acquired by either party subsequent to the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage;

(2) Property excluded by valid agreement of the parties; and

(3) The increase in value of property acquired prior to the marriage.

(c) All property acquired by either party subsequent to the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in paragraphs (1) through (3) of subsection (b) of this section."

Petitioner argues that based on the stipulation of fact there is no question the injury occurred during the marriage and that the property right associated with the claim came into existence during the marriage and that property acquired during the marriage is presumptively marital and subject to division. Respondent argues, however, that an injury which resulted in the right to a benefit to the injured worker is not property acquired during the marriage to be considered for distribution as marital property. The basis for that position is along the lines that the individual brought his body into the marriage and on dissolution of the marriage is entitled to take it with him. The individual's body is separate property and compensation received for damage or loss to it is his separate property and therefore excluded under 1513(b)(1).

Compensation for a husband's personal injuries, which were received after the filing for the divorce were found to belong to him as personal property in *Jurek v. Jurek,* Ariz.Supr., 124 Ariz. 596, 606 P.2d 812 (1980). Even though the cause of action arose during the marriage it was held not to have been "acquired" under Arizona statute. In effect, the individual brought the body into the marriage and upon its dissolution he should be entitled to take it away. *See,* § 1513(b). The body being the individual's separate property the compensation received for the loss should similarly be his separate property.

Following this reasoning, a spouse's health, life, limb, personal security, etc., can be viewed as property acquired prior to marriage and later exchanged for compensation. This exception under 13 *Del.C.* § 1513(b)(1) thus renders a settlement or cause of action for personal injuries nonmarital property.

It is the conclusion of this Court that any award of compensation received or to be received by respondent for personal injury even though it occurred during the course of the marriage is his separate property not subject to equitable distribution.