(No. 62375.—

*In re* MARRIAGE OF SANDRA J. HACKETT, Appel-
lee, and F. EUGENE HACKETT, Appellant.

*Opinion filed September 17, 1986.*

Ronald Tulin and Robert Brown, of Ronald Tulin, Ltd., of Charleston, for appellant.

Robert E. Cummins, of Kidwell, Cummins & Bast, of Mattoon, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, F. Eugene Hackett, appealed, and petitioner, Sandra J. Hackett, cross-appealed, from the judg-

ment of the circuit court of Coles County entered upon dissolution of their marriage. In a Rule 23 order, the appellate court affirmed (103 Ill. 2d R. 23; 135 Ill. App. 3d 1157), and we allowed respondent's petition for leave to appeal (103 Ill. 2d R. 315(a)).

The parties were married for 27 years. Respondent was a fireman, and petitioner was employed in the office of the circuit clerk of Coles County. The sole question presented by respondent's appeal is whether the provisions of section 4—135 of the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 4—135) precluded the circuit court's holding here that under the provisions of section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 503), the proceeds of respondent's vested interest in the Fireman's Pension Fund were properly classified as marital property.

Section 503, with certain exceptions enumerated in section 503(a), provides:

"(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':

\* \* \*

(b) For purposes of distribution of property pursuant to this Section, all property acquired by either spouse after the marriage and before a judgment of dissolution of marriage or declaration of invalidity of marriage, including non-marital property transferred into some form of co-ownership between the spouses, is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section." Ill. Rev. Stat. 1983, ch. 40, pars. 503(a), (b).

Section 4—135 of the Illinois Pension Code provided:

"Sec. 4—135. Benefits—Exempt. No portion of such pension fund shall, either before or after its order of distribution by the board, to any retired fireman, or to the widow or guardian of any minor child or children, or to a dependent parent or parents, be held, seized, taken subject to, or detained or levied on by virtue of any process, injunction interlocutory or other order or judgment, or any process or proceeding whatever issued out of or by any court of this State, for the payment or satisfaction in whole or in part of any debt, damages, claim, demand or judgment against any such fireman, surviving spouse, or the guardian of any of his or her minor child or children or dependent parent or parents, but the fund shall be sacredly held, kept, secured and distributed for the purposes of pensioning the persons named in this Article and the 'Firemen's Pension Fund Act of 1919' and for no other purposes whatever." Ill. Rev. Stat. 1983, ch. 108½, par. 4—135.

By enactment of Public Act 83—1440 (approved Sept. 16, 1984, eff. Jan. 1, 1985), section 4—135 was amended to provide:

"Sec. 4—135. Benefits—Exempt. No portion of the ~~such~~ pension fund shall, either before or after a board's ~~its~~ order of distribution ~~by the board~~, to any retired firefighter or his or her beneficiaries ~~fireman, or to the widow or guardian of any minor child or children, or to a dependent parent or parents~~, be held, seized, taken subject to, or detained or levied on by virtue of any process, injunction interlocutory or other order or judgment, or any process or proceeding whatever issued ~~out of or~~ by any court of this State, for the payment or satisfaction in whole or in part of any debt, damages, claim, demand or judgment against any firefighter or his or her beneficiaries ~~such fireman, surviving spouse, or the guardian of any of his or her minor child or children or dependent parent or parents~~, but the fund shall be ~~sacredly~~ held, ~~kept~~, secured and distributed for the purposes of pensioning such firefighter and beneficiaries ~~the per-~~

sons named in this Article and the 'Firemen's Pension Fund Act of 1919' and for no other purposes whatever." 1984 Ill. Laws 3183-3184.

Respondent argues that the operative language of section 4—135, that "the fund shall be held, secured and distributed for the purposes of pensioning such firefighter and beneficiaries and for no other purposes whatever," shows a legislative intent that the pension fund be treated as "a personal entitlement." He cites decisions of the Supreme Court and of this court in which pensions provided for in similarly worded statutes have been held to be personal entitlements which could not be treated as marital property and made subject to equitable distribution. (See *In re Marriage of Musser* (1981), 87 Ill. 2d 68; *Hisquierdo v. Hisquierdo* (1979), 439 U.S. 572, 59 L. Ed. 2d 1, 99 S. Ct. 802; *McCarty v. McCarty* (1981), 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728.) Parenthetically, although he acknowledges that this court's decision in *Musser* turned on principles of Federal supremacy and preemption, respondent argues that these Federal cases, because they hold that pensions provided under similar statutes are personal entitlements, provide guidance here.

Petitioner asserts that respondent's argument fails to consider section 4—135 in conjunction with the provision of section 503(b) that all property acquired by either spouse during the marriage is presumed to be marital property. (See *In re Marriage of Rogers* (1981), 85 Ill. 2d 217; *In re Marriage of Komnick* (1981), 84 Ill. 2d 89.) Citing *In re Marriage of Smith* (1981), 86 Ill. 2d 518, petitioner argues that section 503(a) "contains an exclusive list of nonmarital property" (86 Ill. 2d 518, 528) and that, in order to overcome the presumption of marital property contained in section 503(b), a spouse must prove that the property in question was acquired by a method listed in section 503(a). Echoing the analysis em-

ployed by the appellate court, she argues that section 4—135 contemplates levies by creditors, whereas a spouse's right to a pension is in the nature of ownership in the pension in contradistinction to a claim against the husband. Finally, petitioner cites appellate decisions from the first, fourth, and fifth districts, respectively, all of which have held that pensions under the Illinois Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 1—101) are subject to division pursuant to a dissolution of marriage. *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711 (teacher's pension); *In re Marriage of Papeck* (1981), 95 Ill. App. 3d 624 (fireman's pension); *In re Marriage of Uluhogian* (1980), 86 Ill. App. 3d 654 (State Employees' Retirement System).

Unlike the decision in *In re Musser*, which was compelled by the Supreme Court's holding in *McCarty*, the decision here rests upon the provisions of two acts of the General Assembly which, according to the parties, are in conflict. We note, parenthetically, that since *McCarty* and *Musser*, Congress has enacted the Uniformed Services Former Spouses' Protection Act (Pub. L. No. 97—252, 96 Stat. 718, 730-38 (1982)), which, as amended in response to *McCarty*, in pertinent part provides:

"(B)(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court." (Section 1002(B) of the Act (96 Stat. 718, 731) amended 10 U.S.C. sec. 1408(c)(1) (1983).)

The appellate court has since held that a retirement pension may be recognized as marital property. (*In re Marriage of Dooley* (1985), 137 Ill. App. 3d 401; *In re Marriage of Korper* (1985), 131 Ill. App. 3d 753.) The decisions in *McCarty* and *Musser* do not bolster respond-

ent's position.

Petitioner contends, correctly, that it is well established that there exists a presumption that all property acquired by either spouse during the marriage is marital property. (*In re Marriage of Smith* (1981), 86 Ill. 2d 518; *In re Marriage of Rogers* (1981), 85 Ill. 2d 217; *In re Marriage of Komnick* (1981), 84 Ill. 2d 89.) The appellate court held, and we agree, that in enacting section 4—135 the intent of the General Assembly was to protect the beneficiaries of the fireman's pension fund from creditors. The appellate court held, too, that upon dissolution of the marriage petitioner became a co-owner of the pension benefits as marital property. (See also *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711; *In re Marriage of Papeck* (1981), 95 Ill. App. 3d 624.) Neither party cites, nor does our research disclose, any legislative history indicating that the General Assembly considered the possibility of tension between section 503 of the dissolution act and section 4—135 of the pension code. We note further that although section 4—135 has been amended on two occasions since the decision in *Papeck* (Pub. Act 83—346, approved and eff. Sept. 14, 1983; Pub. Act 83—1440, approved Sept. 16, 1984, eff. Jan. 1, 1985), no action was taken to modify its holding that the spouse of the participant in a pension program, upon dissolution of the marriage, obtains an actual ownership interest in the benefits as marital property. 95 Ill. App. 3d 624, 629.

We find no inconsistency between the provisions of section 503 of the dissolution act and section 4—135 of the pension code. The purpose and the legislative intent of section 4—135 was to protect retired firemen and their beneficiaries from creditors. Considering the beneficial interest to be marital property does not conflict with that purpose; it provides for a division of the benefits between those individuals whom the statute was in-

tended to protect. Respondent's interest was an *in futuro* form of income acquired during his years of employment—a form of deferred compensation. (*Craig v. Bemis Co.* (5th Cir. 1975), 517 F.2d 677.) The vested right to the pension was property acquired during the marriage. The appellate and circuit courts correctly held it to be marital property within the meaning of section 503 of the dissolution act.

Petitioner, as cross-appellant, contends that, in awarding her maintenance for a period of only 36 months, the circuit court abused its discretion. She asserts that during the marriage, because she was occupied with her family, she received no training which would enable her to obtain employment. She argues that there is no evidence that she will be able to find employment at a salary adequate to her needs and that she should be awarded permanent maintenance. Respondent contends that the circuit court abused its discretion in awarding any maintenance because the income from her assets and present salary exceeds the amount that she stated was required for her living expenses. He argues that the evidence fails to support the findings required by section 504 of the dissolution act (Ill. Rev. Stat. 1983, ch. 40, par. 504) before maintenance may be awarded. He argues that petitioner has conceded that the income from her rental properties, together with her salary, will meet her living expenses and therefore an award of maintenance was improper. The judgment order shows that in the division of marital property the petitioner was given several rental properties and that debts were divided proportionally. The record shows that respondent earned approximately $1,900 per month and petitioner was employed at a salary of approximately $524 per month. In addition to the foregoing, petitioner was awarded a portion of respondent's firemen's pension. That portion was calculated by the court on the basis of

the proportion of the benefits which accrued during the period that the parties were married. The court made no lump sum award of the petitioner's interest in the benefits, and they will be payable to her as and when respondent's pension payments are payable.

The appellate court found that the policy underlying maintenance awards is that a spouse "who is disadvantaged through marriage" be enabled "to enjoy a standard of living commensurate with that during the marriage." In our opinion, the judgment order distributing the marital property shows that the circuit court made every effort to achieve that result. Under the circumstances shown we are unable to say that the court abused its discretion in limiting the maintenance award to a period of 36 months. We reach the same conclusion concerning respondent's contention that there should have been no maintenance whatsoever awarded.

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*