**James E. RICE, Sr.,**
**Appellant/Cross–Appellee,**

v.

**Doris Ann RICE,**
**Appellee/Cross–Appellant.**

**No. 63391.**

Supreme Court of Oklahoma.

July 12, 1988.

J. Richard Johnson, Jr., Tulsa, for appellant/cross-appellee.

Don E. Williams, David A. Tracy, Naylor & Williams, Inc., Tulsa, for appellee/cross-appellant.

Diane L. Smith, Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, for amicus curiae.

SIMMS, Justice:

At the time Appellant-plaintiff husband commenced this action, he was a retired police officer receiving monthly pension benefits from the Oklahoma Police Pension and Retirement System. Both parties were, and are, gainfully employed; the appellant as a postal letter carrier and the appellee as a cashier at a supermarket.

The appellee was awarded custody of the couple's one unemancipated child and child support. Both parties received property and were ordered to pay certain debts. Later, the court amended its journal entry by ordering the appellant to pay the appellee's attorney fees.

In dividing the marital estate, the district court considered the appellant's pension to be jointly acquired property, and included the value of the pension in arriving at the total value of the marital estate. The court awarded the pension to the appellant and made a separate award of cash to the appellee as an offset to the pension's value. This award is the principle assignment of error urged by the appellant.

On appeal, the Court of Appeals, Division IV, ruled that the district court erred in considering the appellant's pension benefits as jointly acquired property. That court reversed that portion of the district court order, and remanded the case with instructions to reduce the award given the appellee proportionately.

We Grant Certiorari, Vacate the Opinion of the Court of Appeals and Affirm the Judgment of the trial court as Modified.

## I.

The question is whether pension benefits payable under the Oklahoma Police Pension and Retirement System are excluded from consideration as jointly acquired property pursuant to 11 O.S.1981, § 50–124.[1] We hold that, under the facts of this case, the district court was correct when it considered the appellant's police pension as jointly acquired property.

## II.

■ This appeal presents a narrow issue of first impression. Our resolution is based on consideration of our cases which address related questions and the application of general principles of statutory construction.[2]

In past cases, we have said that pension benefits which have accumulated during marriage may be considered as jointly acquired property subject to equitable division in a divorce. *Stokes v. Stokes*, Okl., 738 P.2d 1346, 1348 (1987); *Gates v. Albin*, Okl., 662 P.2d 1370, 1371 (1983). However, "in some instances, *specific* statutory exceptions are controlling." (emphasis added). *Carpenter v. Carpenter*, Okl., 657 P.2d 646, 650 (1983). Absent a *specific* statutory exception, *Carpenter*, supra, these cases have made it abundantly clear that a trial court may consider the pension as jointly acquired, make a grant of that property to one spouse and then make a

1. 11 O.S.1981, § 50–124 states:
   "No portion of any of the funds of the System shall, either before or after any order made by the State Board for payment to any person entitled to a pension or allowance, be held, seized, taken, subjected to, or detained, or levied on by virtue of any garnishment, attachment, execution, injunction, or other order or decree or any process or proceeding whatever, issued out of or by any court of this state for the payment or satisfaction, in whole or in part, of any debt, damage, claim, demand or judgment against any such person entitled to payment, nor shall said payment or any claim thereto be directly or indirectly assigned, and any attempt to assign or transfer the same shall be void. The said funds shall be held, invested, secured and distributed for the purposes named in this article, and for no other purpose whatever."

2. This is not a case where Federal preemption is an issue. See e.g., *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979); *Umber v. Umber*, Okl., 591 P.2d 299 (1979).

compensating award to the other spouse. *Stokes; Albin;* supra.

## III.

■ In construing this statute, our duty is to ascertain the legislative intent from the whole Act, 11 O.S.1981, § 50–101, et seq., in light of its general purpose and objective. *Wood v. Independent School Dist. No. 141 of Pottawatomie County,* Okl., 661 P.2d 892 (1983). While statutes should be construed liberally to effect the objects for which they are enacted, *Stuart v. State,* Okl., 522 P.2d 288 (1974), we should not read exceptions into a statute which were not placed there by the Legislature. *Seventeen Hundred Peoria, Inc. v. City of Tulsa,* Okl., 422 P.2d 840 (1966).

The title of the provision now at issue, "Exemption of System Funds from Legal Process—Assignment Prohibited", construed with the language of the statute as a whole, convinces us that the enactment was created as a form of "spendthrift" provision to protect a pensioner's income from the claims of creditors.[3]

We have never thought that a spouse in a divorce proceeding had a status similar to that of a creditor. Arguably, however, in some cases after the divorce has been finalized and one *former* spouse brings suit to collect arrearages in support payments against the other *former* spouse, a debtor-creditor relationship may exist. In that instance, 11 O.S.1981, § 50–124 could come into play to protect the pensioner. See e.g., *Udall v. Udall,* Okl., 613 P.2d 742 (1980). The "creditor" spouse is left only with contempt proceedings as a means of enforcing the provisions of the divorce decree. See: *Meadows v. Meadows,* Okl., 619 P.2d 598 (1980).

We hold that 11 O.S.1981, § 50–124 does not exclude Police Pension Benefits from being considered as jointly acquired property in a divorce proceeding. This statute protects a pensioner's benefits from the claims of third-party-creditors and has no applicability to a divorce. Although we have determined retirement funds of either spouse, to the extent they were acquired during coverture, are subject to division as jointly acquired property the portion of the fund actually cquired during coverture and its value are matters of fact for the trial court's determination based on the circumstance of each case. See, e.g., *Gates v. Albin,* supra., at 1371.

## IV.

■ In this case, the district court granted the appellee a judgment against the appellant of $40,700.00, payable in monthly installments of $300.00 over the next eleven years, to offset the pension award given the appellant. As a provision for future enforcement of this judgment, the district court further decreed that there be "a lien on the plaintiff's Police Retirement Account". This was error, inasmuch as a debtor-creditor relationship is created which would be unenforceable by the express terms of 11 O.S.1981; § 50–124.

## V.

As his last assignment of error, the appellant argues that the district court erred in directing him to pay the appellee's attorney fees. The appellant has not shown that the trial court's award was against the clear weight of evidence and an abuse of discretion. See generally: *Stansberry v. Stansberry,* Okl., 580 P.2d 147 (1978).

## VI.

In her cross-appeal, the appellee raises two propositions of error.

First, the appellee argues that the child support award she received was insufficient. We find no error in the judgment of the trial court.

## VII.

■ In her second proposition of error, the appellee argues that the trial court

---

**3.** A number of other jurisdictions have adopted a similar position when applying like statutes. See, e.g., *Collida v. Collida,* 546 S.W.2d 708 (Tex.Civ.App.1977); *Morgan v. Horton,* 675 S.W. 2d 602 (Tex.Ct.App.1984); *Lindner v. Lindner,* 137 Mich.App. 569, 358 N.W.2d 376 (1984); *In re Marriage of Hackett,* 113 Ill.2d 286, 100 Ill. Dec. 790, 497 N.E.2d 1152 (1986).

erred in refusing to grant her request for an award of alimony for support. We find no merit in this argument.

A claim for alimony for support must be supported by proof of excess monetary needs to cushion the impact of the transition from marriage and readjustment to gainful employment. *Johnson v. Johnson,* Okl., 674 P.2d 539 (1983). The decision to grant alimony for support is discretionary with the trial court and will not be disturbed on appeal without a showing that the court abused that discretion. *Carpenter,* supra; see also, *Armstrong v. Armstrong,* Okl., 462 P.2d 656 (1969). Neither showing has been made here.

Accordingly, the judgment of the district court is Affirmed as Modified.

DOOLIN, C.J., and LAVENDER, OPALA and ALMA WILSON, JJ., concur.

KAUGER, J., concurs in result.

HARGRAVE, V.C.J., and HODGES, J., dissent.