**S.M. CHRISTMAS,**
**Plaintiff–Respondent,**

v.

**B.G. CHRISTMAS,**
**Defendant–Petitioner.**

**No. 72163.**

Supreme Court of Oklahoma.

Feb. 27, 1990.

James Francis Gillet, Tulsa, for plaintiff-respondent.

Hood, Thornbrugh & Raynolds by P. Thomas Thornbrugh, Tulsa, for defendant-petitioner.

Robert H. Henry, Atty. Gen. by Hugh H. Collum, Asst. Atty. Gen., Oklahoma City, amicus curiae.

HODGES, Justice.

This appeal from a certified interlocutory order raises the following question of first impression: Are disability benefits received after divorce joint property subject to equitable division in a divorce action? We answer in the negative.

Bill Christmas (husband) and Suzy Christmas (wife) were married in 1974. On December 7, 1987, wife filed her petition for divorce and the parties separated.

Two weeks later, husband began an approximately three-month stay in a local sanatorium. He sought disability benefits for job stress incurred as Chief of the Sapulpa Fire Department. Pursuant to title 11, section 49–109, the Oklahoma Firefighters Pension and Retirement Board awarded disability in the line of duty benefits at the rate of $1,259.03 per month effective July 1, 1988. In the divorce proceeding, wife claimed entitlement to half of each month's disability payment. Husband argued the benefits were his separate property.

The trial court held that husband's disability benefits were jointly-acquired property subject to equal division for the entire time it is paid. That court then certified the holding for interlocutory review stating it "affects a substantial part of the merits of the controversy and that an immediate appeal may materially advance the ultimate termination of litigation." Certiorari was granted to review the holding. *See* Okla. Stat. tit. 12, § 952(b)(3)(1981).

Disability benefits are but one form of wage continuation plan. Others include retirement pensions, workers' compensation and severance pay. Although courts have distinguished pension and pension-like benefits from disability benefits, an analytically persuasive and doctrinally sound basis for the distinction has not been extensively articulated. Instead, courts have tended to look at one salient feature of a wage continuation plan and classify it accordingly.

One commentator, however, has offered a more rigorous approach which "focuses on the replacement nature of the benefits and classifies benefits according to the nature of the assets they replace." Blumberg, *Marital Property Treatment of Pensions, Disability Pay, Workers' Compensation, and Other Wage Substitutes: An Insurance, or Replacement Analysis*, 33 UCLA L.Rev. 1250, 1294 (1986). That approach is followed in resolving the instant question.

All wage continuation plans are deferred compensation and function as insurance. Retirement pensions insure against superannuation, survival beyond retirement age. They function as a substitute for life savings. If a worker was not provided retirement coverage, the additional wages received would presumably be saved for superannuation. These savings, earned during the marriage, would unquestionably constitute joint property.

Disability benefits, on the other hand, do not substitute for savings. Rather, they insure against loss of wages from disability before superannuation. Disability benefits received after divorce replace post-coverture wages that would be the earner's separate property. Thus, while retirement pensions replace joint property, disability benefits replace separate property. This difference in the replacement nature of the benefits requires that disability benefits be classified as the disabled worker's separate property.

Wife urges that *Rice v. Rice*, 762 P.2d 925 (Okla.1988), controls the classification of husband's disability benefits. *Rice* re-

affirmed the holding in *Carpenter v. Carpenter*, 657 P.2d 646 (Okla.1983), that, absent a specific statutory exemption, retirement pensions are jointly-acquired property subject to equitable division in a divorce. *Carpenter's* classification of retirement pensions as joint property followed the strong majority view. *See* Blumberg, *supra*, at 1261 n. 46 (list of jurisdictions taking this view). But today's question is one of first impression which asks the proper classification of disability pay in Oklahoma. While a strong majority view has not emerged, "most jurisdictions that have considered the issue treat the right to disability pay earned during marriage as the disabled spouse's separate property insofar as that right generates benefits received after divorce." *Id.* at 1253. Thus, replacement analysis follows the majority view of both retirement pensions and disability pay, although non-replacement justifications have been advanced in reaching these classifications.

Applying replacement analysis to the facts of this case, the nature of husband's benefits determines the classification, not the fact the benefits are termed a "disability pension" in title 11. The Legislature chose to use the designation "pension" to describe firefighters' retirement, disability and even death benefits. *See* Okla.Stat. tit. 11, §§ 49–106, 49–109 & 49–112 (1981 & Supp.1989). The benefits awarded to husband replace the wages he would receive but for his disability. Therefore, these earnings received after divorce are his separate property.

The trial court erroneously held that husband's post-divorce disability benefits were jointly acquired property to be equitably divided. On remand, the trial court shall consider husband's disability benefits as his separate property. This holding does not prevent the benefits from being treated as income for purposes of alimony or child support.

The question certified to this Court asked only whether disability benefits are jointly acquired or separate property. Wife has

not asserted a right to any retirement benefits. To the contrary, in their briefs, both parties state that husband's disability benefits are received in lieu of retirement benefits. Thus, it may appear that husband is not eligible to receive a retirement pension. If on remand, however, the trial court finds that husband has a right to retirement benefits, the value of that right must be determined. That amount must then be divided as jointly acquired property.

ORDER DIVIDING DISABILITY BENEFITS REVERSED. CAUSE REMANDED WITH DIRECTIONS.

HARGRAVE, C.J., OPALA, V.C.J., and SIMMS, DOOLIN, and SUMMERS, JJ., concur.

LAVENDER, ALMA WILSON and KAUGER, JJ., concur in part and dissent in part.

ALMA WILSON, Justice, dissenting:

I dissent from the majority's failure to expressly recognize the probable co-existence of the right to pre-retirement disability benefits and the right to retirement benefits vested in Petitioner (husband). The majority opinion recognizes the distinction in the nature of disability benefits as a substitute for earnings and retirement benefits as savings. Yet, in remand, it directs the trial court only as to the disability benefits. It directs treatment of the disability benefits as the separate property of the husband, subject to consideration as income for purposes of alimony and child support.

This interlocutory review is from an order dividing husband's pre-retirement disability benefits from the Oklahoma Firefighters Pension and Retirement System as jointly acquired marital property. Because the disability benefits and retirement benefits arise from membership in a pension and retirement system, the entire property right should not be determined based upon pre-retirement disability benefits. Accordingly, the trial court should be directed to hear evidence and determine: (1) the value of the right to retirement benefits, if any, acquired by husband during coverture; (2) whether the payment of disability benefits extinguishes that right to retirement benefits; and, (3) if the retirement benefits are extinguished, the value of the right to disability benefits acquired by husband during coverture. The trial court should include the value of the right to retirement benefits or disability benefits, whichever is appropriate, in the jointly acquired marital estate to be equitably divided. *Carpenter v. Carpenter*, 657 P.2d 646 (Okla.1983) and *Rice v. Rice*, 762 P.2d 925 (Okla.1988).

The statutes creating the Oklahoma Firefighters Pension and Retirement System support these directions to the trial court. Title 11 O.S.Supp.1989, § 49–109 states in part:

No firefighter shall accrue additional service time while receiving disability pension; provided further, that nothing herein contained *shall affect the eligibility of any firefighter to apply for and receive a retirement pension after the firefighter's normal retirement date;* provided further that no firefighter shall receive retirement benefits from the System during the time the firefighter is receiving disability benefits from the System....

In my opinion, trial courts must carefully and fully scrutinize each retirement and pension system to avoid characterization of the property right by name only and to assure consistency in the judicial treatment of those rights.

I have been authorized to state that LAVENDER, J. and KAUGER, J., join in this dissent.