D.E. ROWLAN, Appellant,

v.

J.L. ROWLAN, Appellee.

No. 74025.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 1.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 17, 1991.

Michael L. Harris, Oklahoma City, for appellant.

Floyd M. Taylor, Oklahoma City, for appellee.

MEMORANDUM OPINION

GARRETT, Presiding Judge:

D.E. Rowlan (Appellant/Cross–Appellee) and J.L. Rowlan (Appellee/Cross–Appel-

lant) were divorced on June 19, 1989. Appellant filed a "Motion for New Trial or in the Alternative to Reconsider" and a "Motion to Stay Court Order of June 19, 1989". The trial court modified its previous order as to the temporary support judgment, but otherwise overruled his motion, and this appeal followed. Appellee cross-appeals regarding the deduction of Appellant's high option health benefits from the disability pension.

Appellant raises the following propositions of error:

1. The trial court erred in its determination that the Appellant's disability pension and survivor benefits were marital property subject to division.

2. The trial court abused its discretion in awarding a judgment of temporary support to Appellee in its order of August 25, 1989, where Appellant was clearly without means to pay or support such judgment.

3. The trial court erred in its property division award inconsistent with specific requests by Appellant and Appellee; inconsistent with its stated intent of achieving a "50/50" division; and further inconsistent with the values established by the evidence offered at trial.

■ With regard to the first proposition, the trial court awarded Appellee one-half of her husband's federal disability pension, including a survivor's annuity. In the order overruling Appellant's motion for new trial, the court stated:

4. The Court further finds that with respect to the division of the Plaintiff's disability pension, the amount attributable to the payment of premium for survivor annuity benefits shall be born by the Defendant and deducted from the award given to Defendant in this Court's decision of June 19, 1989, and counted toward Defendant's half of the disability pension award. Accordingly, Defendant shall be awarded an amount equal to one-half of the net amount of Plaintiff's disability income after dedcutions (sic) for health benefits, less an amount from the Defendant's portion only equivalent to the reduction in Plaintiff's disability income as a result of the provision for survivor benefits.

The Oklahoma Supreme Court decided the case of *Christmas v. Christmas,* 787 P.2d 1267 (Okl.1990) after the order on appeal herein was entered. *Christmas* addressed the following first impression issue: "Are disability benefits received after divorce joint property subject to equitable division in a divorce action?" 787 P.2d at 1267. The Supreme Court answered the question in the negative. In so deciding, the Court focused on the "replacement nature" of the benefits, which classifies the benefits according to the nature of the assets they replace. "Retirement pension" and "disability benefits" were distinguished by the Court. The Court stated, at page 1268:

All wage continuation plans are deferred compensation and function as insurance. Retirement pensions insure against superannuation, survival beyond retirement age. They function as a substitute for life savings. If a worker was not provided retirement coverage, the additional wages received would presumably be saved for superannuation. These savings, earned during the marriage, would unquestionably constitute joint property.

Disability benefits, on the other hand, do not substitute for savings. Rather, they insure against loss of wages from disability before superannuation. Disability benefits received after divorce replace post-coverture wages that would be the earner's separate property. *Thus, while retirement pensions replace joint property, disability benefits replace separate property. This difference in the replacement nature of the benefits requires that disability benefits be classified as the disabled worker's separate property.* (Emphasis added).

■ Appellee contends that, despite the fact Appellant calls the benefits in question

"disability benefits", they are in fact "retirement" benefits, which are divisible as marital property. She contends that Appellant's benefits arise from federal law, under 5 U.S.C. § 8337, which provides for disability retirement for civil service employees. Section 8337 provides:

> (a) An employee who completes 5 years of civilian service and is found ... to have become disabled shall be retired on his own application or on application by his agency....

Appellee contends that because civil service retirement benefits are divisible, pursuant to 5 U.S.C. § 8345(j)(1), and because the payments made pursuant to § 8337 are based on service of five years, then the "disability" retirement benefits are divisible under § 8345(j)(1).[1] However, the fact that federal law *allows* the benefits to be divisible does not dictate the character of the benefits under Oklahoma law. Under *Christmas*, we must look at the nature of the wages which the benefits replace.

The *Christmas* case instructs that the "replacement analysis" must determine the nature of the benefits, not the fact the benefits were labelled "disability pension". It was decided that the benefits awarded to the husband "replace[d] the wages he would receive but for his disability." 787 P.2d at 1268. In *Christmas*, the husband received disability payments pursuant to 11 O.S.Supp.1985 § 49–109. It allows for benefits for temporary or permanent disability. In the case of permanent disability, the payments for the disability are based on the employee's service, similar to the federal statute cited by Appellee. Under § 49–109, the Supreme Court determined the benefits were the separate property of the

husband, because he would not have received them "but for his disability." In the instant case, also, the nature of the wages replaced by the benefits are in the nature of lost wages from disability. We hold the trial court erred in awarding Appellee one-half of Appellant's disability benefits as joint property.

■ As to the survivor annuity benefits, we hold these benefits are Appellant's separate property, because they are generated by his disability benefits, which we have determined to be his separate property.

■ Appellant next contends that the trial court abused its discretion in awarding a judgment of $1400.00, for arrearages of weekly temporary support payments to Appellee, when Appellant is without the means to pay such judgment. Appellant became in arrears on payments of $200.00 per week awarded to Appellee by the trial court under a temporary order. Appellant states that he got behind on the payments between the time that his federal workers' compensation benefits ceased ($1,653.00 per month) and his disability benefits ($784.36 per month) began. His doctor's opinion, which was that Appellant could work on a limited basis of 3 to 4 hours per day, was admitted into evidence.

Appellant testified that he was currently employed as a real estate agent working on a commission basis. With regard to the judgment for the temporary support payments, the trial court stated at the time of his ruling that he took into consideration Appellant's physician's statement that Appellant could work on a limited basis.[2] The judgment is to be paid at the rate of $200.00 per month, per the trial court's

---

**1.** 5 U.S.C. § 8345(j)(1) provides:
Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based upon his service shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation. Any

payment under this paragraph to a person bars recovery by any other person.

**2.** At the time of the trial court's ruling, Appellee was awarded $2200.00 for the temporary support arrearages. This was reduced to $1400.00 in the ruling on Appellant's motion for new trial "representing actual arrearage of the Plaintiff at the time of trial ... to be paid at the rate of $200.00 per month,...."

**1288**

order on Appellant's motion for new trial. We see no abuse of discretion.

■ Appellant also contends the trial court erred in its property division award which he contends is inconsistent with the parties' intent and the expressed intent of the court to divide the property "50/50". He alleges the trial court stated the property should be in the "neighborhood of $44,200.00 each", but that the values were $43,791.34 to Appellant and $44,711.38 to Appellee.

Division of jointly acquired property must be just and reasonable. It need not be equal, only equitable. *Irwin v. Irwin,* 416 P.2d 853 (Okl.1966); *Wilhelm v. Wilhelm,* 678 P.2d 727 (Okl.App.1983). Appellant has not stated how the division should be corrected. Although he states in his brief that the trial court disregarded the parties' requests for specific property, we do not find such joint request in the record. Even if the trial court had intended to divide the property equally, it was not its duty to do so. Absent an abuse of discretion, the order will be affirmed. *Carpenter v. Carpenter,* 657 P.2d 646 (Okl.1983). We find no such abuse of discretion.

In Appellee's counter-appeal, she contends the trial court erred in its division of the "retirement" pension by deducting Appellant's high option health benefits premium first, then dividing the remainder, and then assessing the cost of survivor benefits against her share. In view of our ruling that the trial court erred in dividing Appellant's disability benefits as marital property, the relief requested in this counter-appeal is denied.

The judgment is affirmed as to property division except that portion relating to disability pension benefits. The judgment in favor of Appellee as to temporary support arrearages is affirmed. The judgment dividing disability pension benefits is reversed and this case is remanded with directions to enter an order awarding Appellant his entire disability pension benefits. The Cross–Appeal is denied.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.

BAILEY and ADAMS, JJ., concur.