Kenneth Lewis **RANDOL**, Appellant,

v.

Sharon Ann **RANDOL**, Appellee.

No. 78798.

Court of Appeals of Oklahoma, Division No. 1.

March 9, 1993.

Lauren LeBlanc Day, Oklahoma City, for appellant.

M. Ellen Feaver, Norman, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Kenneth Lewis Randol (Husband) was married to Sharon Ann Randol (Wife) for 22 years when he filed a petition for a divorce. Wife filed a Cross–Petition for a divorce. The parties were married in 1968, divorced for four months, then remarried. Two children were born of the marriage: a 22 year-old son, and a 17 year-old daughter. Husband appeals the property division portion of the divorce decree.

■ He contends that it was error to divide his entire military pension equally between himself and Wife, when they had been married only part of the 20 years the pension had been accruing. He contends that the only property that can be divided is property acquired during the marriage. Therefore, he contends that the portion of the pension which was accumulated during the approximately 3½ years while they were not married was not acquired during coverture and could not be subject to division.

43 O.S.Supp.1989 § 121 provides in pertinent part:

... As to such property, whether real or personal, *which has been acquired by the parties jointly during their marriage*, whether the title thereto be in either or both of said parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to be paid such sum as may be just and proper to effect a fair and just division thereof ... (emphasis added)

A part of Husband's military pension was acquired during the marriage. It was subject to division. The portion that was acquired by him while he and Wife were not married is his separate property and it was error for the trial court to consider it to be a portion of the marital estate, or to divide it as a portion of the jointly acquired property. In *Gates v. Albin*, 662 P.2d 1370 (Okl.1983), the Court said the trial court may take into consideration the fact that

the parties to a divorce were married during only a portion of the time the retirement fund was accruing. The Supreme Court, in *Rice v. Rice,* 762 P.2d 925, 927 (Okl.1988), said: "... we have determined retirement funds of either spouse, *to the extent they were acquired during coverture,* are subject to division as jointly acquired property ...". The *Rice* Court went on to say, "... the portion of the fund actually cquired (sic) during coverture and its value are matters of fact for the trial court's determination based on the circumstances of each case." (*Rice,* at 927).

Husband next contends the Court erred when it awarded Wife all of her interest in her retirement fund at her place of employment. The Court found that because the retirement fund benefits would not be paid until several years into the future, all right, title and interest to the retirement fund should go to Wife. She was 44 years old at the time of trial and could not collect on her pension until she reached the age of 65. This issue was discussed in *Carpenter v. Carpenter,* 657 P.2d 646 (Okl.1983):

In addressing this issue, we do not deem it significant whether the pension is "vested" in the sense that it is now due and owing, whether it is conditional or contingent upon continued employment for a prescribed period or terminable upon the occurrence nor nonoccurrence of some future event. (Citations omitted.) In any of these events, it is a valuable right which has been purchased through joint efforts of the spouses to the extent that it has been acquired or enhanced during the marriage. (Citations omitted.)

The practical problems inherent in "dividing" a pension which is unmatured or contingent at the time of a divorce are resolved within the language of 12 O.S. 1981, § 1278 itself. It must be divided between the parties "as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay sum as may be just and proper to effect a fair and just division thereof." The exigencies of a particular case can be best determined by the trial court ... (at 651).

■ Wife contends she was awarded sole interest in her retirement fund, and Husband was awarded sole interest in his life insurance policy, as compensation. The record does not support this contention. The record shows that the Court considered her pension when dividing the property. The record does not show the Court did or did not award Husband some item of property as compensation.

■ The record does show the Court awarded numerous items of property to each party, together with various debts. The presumption is that the trial court's judgment was correct. Error must be affirmatively shown. Neither party contends Wife's accumulated pension rights were not a portion of the divisible property. In determining whether the division of property was just and reasonable, it is necessary to consider all of the divisible property and all of the divisible debts. We decline to single out one item of property, and consider it out of the total context, in order to determine whether an abuse of discretion occurred. Other than to argue that this item is part of the divisible estate, Husband has not shown any abuse of discretion. We can, and do agree that the Court should have considered this item. We find it was considered. A division of property is not required to be equal. We find no error in this respect. *Rookard v. Rookard,* 743 P.2d 1083 (Okl.1987), is distinguishable. The *Rookard* trial court refused to consider a military pension to be a part of the divisible property, and its judgment was reversed.

■ Finally, Husband contends that it was error to divide an interest in certain cattle because the cattle did not belong to him, but belonged to his parents. He claims that his mother offered him a share of the herd for $900.00 which he never paid. However, there was conflicting evidence that Husband bought into the herd through caring for the cattle and other labor. The evidence was conflicting on this fact issue. The trial court observed the

parties and the witnesses and heard the testimony. It was better able to determine this disputed issue of fact that is this Court which may only consider the dry, printed words in the record. *Perry v. Perry,* 408 P.2d 285 (Okl.1965); see also *Boyle v. Boyle,* 615 P.2d 301 (Okl.1980). The Court's decision that the cattle, or an interest in them, was a part of the divisible property was not contrary to the clear weight of the evidence, and will not be disturbed.

■ The Trial Court is vested with wide discretion in the division of marital estates, and the lower court's determination will not be disturbed on review unless it is contrary to law, or the clear weight of the evidence, or an abuse of discretion is shown. *Primrose v. Primrose,* 663 P.2d 755 (Okl.App.1983); *Kiddie v. Kiddie,* 563 P.2d 139 (Okl.1977); *Reed v. Reed,* 456 P.2d 529 (Okl.1969).

Except the error of law in considering *all* of Husband's military pension to be divisible, we do not find that the property division was not just and reasonable or against the clear weight of the evidence. No abuse of discretion by the trial court has been established.

The portion of the divorce decree which divides *all* of Husband's military pension is vacated. This case is remanded for further proceedings not inconsistent with this opinion on that issue alone. Otherwise, the judgment of the trial court is affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

ADAMS, P.J., and JONES, J., concur.