**Roy Mack SPANN, Appellee/Counter–Appellant,**

v.

**Beatrice SPANN, Appellant/Counter–Appellee.**

**No. 77489.**

Court of Appeals of Oklahoma,
Division No. 1.

Nov. 10, 1992.

Rehearing Denied Feb. 2, 1993.

Certiorari Dismissed April 20, 1993.

D.D. Hayes, Juliet N. Brennan, Muskogee, for appellee/counter-appellant.

Jerry Dick, Oklahoma City, for appellant/counter-appellee.

### *MEMORANDUM OPINION*

JONES, Judge:

The central issue in this appeal is whether a personal injury award is the separate property of the injured spouse. The parties were in their sixties when they divorced in 1989 after a twenty-four year marriage. In 1974, Appellee was injured in an accident and recovered $700,000.00 from a lawsuit which was placed into a revocable trust account. Neither party worked

thereafter, but paid their living expenses from interest drawn from the personal injury award and from workers' compensation. At the time of the divorce, the revocable trust account contained $575,000.00 and Appellant was named the trust beneficiary.

The District Court entered its judgment on February 26, 1991, ordering Appellee to pay Appellant support alimony of $1,200.00 per month until August, 1991, when the payments would be reduced to $1,000.00 per month for life. Appellant was also ordered to maintain sufficient funds to cover the alimony and to retain Appellant as the revocable trust beneficiary. Mr. Spann was ordered to continue medical coverage on Mrs. Spann, an amount which equated to approximately one half of the steel workers' pension. The Court determined Appellee's social security pension, his workers' compensation award, and proceeds from his personal injury lawsuit held in trust, were his separate property.

Appellant filed a Motion for New Trial, alleging the trial court erred in failing to include the $575,000.00 as part of the marital estate; failing to award the Defendant an equitable division of property; failing to award a proper amount of support alimony; and, several other issues which are not applicable to this appeal. On April 4, 1991, the District Court denied the Motion for New Trial. Appellant was awarded attorney fees in the amount of $11,095.00.

In this Opinion we discuss only those issues raised as error by the parties to this appeal.

■ In her appeal brief, Appellant claims the District Court erred in failing to include Appellee's pension proceeds, the workers' compensation award, and the $575,000.00 cash fund as part of the marital estate. Appellant also appeals the support alimony award as being inadequate. The question of whether pension proceeds should be classified as separate property was not raised in the Motion for New Trial and is now considered waived. See *Feder-*

*al Corporation v. Independent School District,* 606 P.2d 1141 (Okl.App.1978).

The question of whether a personal injury award is separate property in a dissolution proceeding has not been specifically addressed in Oklahoma. The most useful analysis appears in workers' compensation cases. The Court in *Crocker v. Crocker,* 824 P.2d 1117 (Okl.1991), discussed several different approaches which courts in other jurisdictions have used to determine whether personal injury awards in general are divisible marital property. The one most applicable to this case is the "unitary approach" which defines a personal injury award as separate property because it is uniquely personal to the injured spouse.[1] Nothing is more personal than the entirely subjective sensations of agonizing pain, mental anguish, and embarrassment because of scarring or disfigurement, and outrage attending severe bodily injury. *Amato v. Amato,* 180 N.J.Super. 210, 434 A.2d 639 (1981).

■ In the instant case, Appellee was reimbursed for pain and suffering to his own body, one which belonged to him before the marriage, and one which he took with him upon the dissolution of the marriage. *Gloria B.S. v. Richard G.S.,* 458 A.2d 707 (Del.Fam.Ct.1983). The body is an individual's separate property, and the compensation received for any loss or suffering should similarly be his separate property. Id. We hold that damages recovered from a tortfeasor for personal bodily injury is the separate property of the injured spouse to the extent that it compensates him for pain and suffering.

■ Appellant also contends she is entitled to one half of the Appellee's workers' compensation award as property division alimony. *Crocker* held that a workers' compensation disability award is marital property only to the extent that it recompenses for the couple's loss of income during the marriage. Id. at 1123. To the extent that it compensates for loss of post-

---

1. *Gloria B.S. v. Richard G.S.,* 458 A.2d 707, 708 (Del.Fam.Ct.1983); See, *Izatt v. Izatt,* 627 P.2d 49, 51 (Utah 1981); See also *Luxton v. Luxton,* 98 N.M. 276, 648 P.2d 315 (1982); *Soto v. Van-* *deventer,* 56 N.M. 483, 245 P.2d 826 (1952); *Jurek v. Jurek,* 124 Ariz. 596, 606 P.2d 812 (1980); *Brown v. Brown,* 100 Wash.2d 729, 675 P.2d 1207 (1984).

divorce earnings by the injured party, it is separate property. Id. Because a former spouse has no inherent right to the salary earned by his or her former marriage partner after the marriage is terminated, there is no right to a disability award which is intended to replace future wages. Id. The Court in *Christmas v. Christmas*, 787 P.2d 1267 (Okl.1990), focusing on the nature of the assets replaced, held where benefits awarded to the husband replaced the wages he would have received but for his disability, earnings received after the divorce were his separate property. Id. at 1268.

■ Appellant's calculations show Appellee's workers' compensation benefits of $520.00 per month, to be received for the rest of his life, totaled $57,408.00. She claims the District Court erred by not including the entire amount as part of the marital estate. In the alternative, she argues she should receive one half of the monthly payment, or $260.00 per month as property division alimony. During the marriage, Appellee received workers' compensation benefits on a weekly basis. Appellant benefitted from that source of income. She has therefore already received her share of the portion of the benefits which are classified as joint property. The remainder is the separate property of Appellee and under the holding in *Crocker*, Appellant is not entitled to one half of Appellee's wage-replacement income after the dissolution of the marriage.

■ In her second proposition of error, Appellant contends the District Court should have ordered Appellee to pay $2,000.00 per month in support alimony for the rest of her life, along with medical insurance premiums. She correctly states that support alimony can be paid out of the separate estate of the payor spouse. The Court's Order made that provision. Appellant is also correct in arguing the needs of the payee spouse and the ability of the other spouse to pay are the controlling factors. *Wood v. Wood*, 793 P.2d 1372 (Okl.Ct.App.1990). The record shows the District Court made the award based on those considerations. In an effort to sup-

port her proposition of error, Appellant makes reference to Appellee's testimony during the trial whereby he offered to pay her $2,000.00 per month. The trial court has the discretion to weigh the evidence and reach a conclusion. In awarding alimony, Oklahoma courts do not rely on a fixed percentage or rule by which to measure or determine the amount of alimony or property to be awarded as each case depends on its own facts and circumstances. *Henley v. Henley*, 428 P.2d 258 (Okl.1967). Additionally, ability to pay is not the sole criterion for an award of alimony. *Forristall v. Forristall*, 831 P.2d 1017, 1020 (Okl.App. 1992). Support alimony must be based on several factors, including demonstrated need during the post-matrimonial economic readjustment period. *Johnson v. Johnson*, 674 P.2d 539 (Okl.1983). The burden of showing the Court abused its discretion is upon the complaining spouse. *Wood v. Wood*, 793 P.2d 1372 (Okl.Ct.App.1990); *Archer v. Archer*, 813 P.2d 1059, 1061 (Okl. App.1991); *Henderson v. Henderson*, 764 P.2d 156 (Okl.1988). Appellant has not satisfactorily demonstrated her needs were not adequately met by the award of alimony sufficient to show an abuse of discretion. The alimony award is sustained.

■ In his counter-appeal, Appellee complains of the District Court's award of attorney fees to Appellant. The applicable statute in a divorce case is 43 O.S.1991 § 110, which authorizes the Court to require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper considering the respective parties and the means and property of each. It appears from the record the trial court considered the means and property of the parties to determine a reasonable expense. *Gardner v. Gardner*, 629 P.2d 1283 (Okl.App.1981), does not precisely support Appellant's proposition that the trial court abused its discretion in awarding fees in this case because the wife in *Gardner* received seven hundred thousand dollars in property settlement in addition to the attorney fees. In that instance, the statutory admonition to consider the means and prop-

erty of the respective parties was violated by the award of an attorney fee to the wife. We find no abuse of discretion in the cause here, for in this instance Wife's property is only adequate, and her demonstrated earning potential is negligible. Additionally, the record shows the attorney fees were reasonable pursuant to *State ex rel., Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl.1979).

 In an Amended Counter–Petition–in–Error, Appellee claims the District Court erroneously ordered him to pay Appellant's fee on a monthly basis after Appellee had already given her the entire amount in a lump sum payment. On October 16, 1991, the District Court found Appellee had actually paid the money to Appellant and she did not pay it to her attorney. The Court ordered the $11,095.00 to be treated as prepayment of the Appellant's support alimony obligation in the amount of $1,000.00 per month. Additionally, the Court order Appellee to pay the $1,000.00 directly to Appellant's attorney until the judgment for attorney fees has been paid in full. Appellee offers no authority to support his contention the District Court erred in its judgment. Assignments of error presented by counsel in the brief, unsupported by convincing authority, will not be considered on appeal when it is not apparent without further research that they are well taken. *Paris Bank of Texas v. Custer*, 681 P.2d 71 (Okl.1984); *Fleming v. Baptist General Convention*, 742 P.2d 1087 (Okl.1987); *Peters v. Golden Oil Co.*, 600 P.2d 330 (Okl.1979). Further, we are not convinced by Appellee's argument in light of the fact that he is excused from paying alimony until Appellant's attorney is paid. Appellee also claims the Court erred in issuing a pre-judgment attachment against Appellant's alimony income. However, only Appellant would have standing to protest this decision. She did not appeal on this issue.

 A divorce is an action of equitable cognizance and the trial court is vested with wide discretion in dividing property and awarding alimony. *Kiddie v. Kiddie*, 563 P.2d 139 (Okl.1977); *Teel v. Teel*, 766 P.2d 994 (Okl.1988). Finding no abuse of discretion, and finding the decision is not against the clear weight of the evidence, we must affirm.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.