**In the Interest of C.D.M., A Juvenile.**

No. 65936.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 6, 1994.

Dennis Jay Capriglione, St. Louis, for appellant.

Shawn Ragan McCarver, Flat River, for respondent.

WHITE, Judge.

The trial court terminated K.E.M.'s parental rights to his son, C.D.M. On appeal, K.E.M., (Father), argues the trial court erred by refusing to appoint different counsel to perfect his appeal. We affirm.

On May 11, 1993, a petition to place C.D.M., who was born on February 29, 1992, was filed in the circuit court. The court subsequently appointed counsel to represent Father. In October, 1993, the juvenile officer filed a petition seeking termination of Father's parental rights. After this petition was filed, Father asked the court to fire counsel. The court granted this request and appointed new counsel who represented Father at the parental rights hearing.

After the hearing, the court issued findings of fact and conclusions of law. The court found: (1) Father shot and killed C.D.M.'s biological mother on May, 9, 1993; (2) Father shot C.D.M.'s half-sister, M.M., and biological mother's then "paramour", J.P., during the same incident; (3) Father shot himself sometime after the incident; and (4) Father is incarcerated on murder charges. The court issued its decision on March 22, 1994 and concluded Father's parental rights to C.D.M. should be terminated. On appeal, Father does not challenge the sufficiency of the evidence to support the trial court's decision.[1]

On April 7, 1994, the trial court received a letter from Father. The letter expressed Father's unhappiness with his trial counsel and the court's decision. In the letter, Father asserted his trial counsel did not do his job because he failed to offer a statement by C.D.M.'s half-sister, M.M., and failed to produce witnesses. Father's counsel subsequently filed a motion to withdraw and attached to the motion was a copy of the letter Father sent to the court. The court denied the motion and this appeal followed.

In his sole point on appeal, Father argues the trial court erred by denying his counsel's post-trial motion to withdraw. Section 211.462.2 RSMo 1986 provides, in part, "The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court." The Western District has held § 211.462.2 implies a right of effective assistance of counsel for parents in a termination of parental rights

1. We render no opinion regarding the sufficiency of the evidence to support the trial court's deci- sion or any possible subsequent criminal conviction.

proceeding. *In the Interest of J.C., Jr.*, 781 S.W.2d 226, 228 (Mo.App.W.D.1989). The court asserted to hold otherwise would make the statutory right to counsel an " 'empty formality' " and several other states have recognized the viability of an ineffective assistance of counsel claim in termination of parental rights proceedings. *Id.* (citations omitted). The test adopted by the court for an ineffective assistance of counsel claim is whether counsel's performance was so deficient as to deprive the parent of a meaningful hearing. *Id.*

The issue in the present case is whether Father had a right to the appointment of new counsel to perfect his appeal after he made claims his trial counsel was ineffective. Father relies on the Rules of Professional Conduct to support his argument. These rules, adopted as Missouri Supreme Court Rule 4, "impose an essential duty of loyalty to an attorney's clients." *State v. Ross*, 829 S.W.2d 948, 950 (Mo. banc 1992). Rule 1.7(b) provides, "A lawyer shall not represent a client if the representation of that client may be materially limited ... by the lawyer's own interests...." The comment to this rule provides, "Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests." Father contends requiring trial counsel to perfect his appeal when an ineffective assistance of counsel claim is at issue creates a conflict of interest.

■ Trial counsel could be in the position of arguing on appeal their ineffectiveness deprived a parent of a meaningful hearing. It is apparent a conflict of interest could arise under these circumstances. The better practice would be for a trial court to appoint new counsel to perfect the appeal when a parent, financially unable to afford counsel, makes a meritorious claim of ineffective assistance of counsel.[2] An assumption of a parent's right to new counsel, raises several procedural questions. The Missouri Supreme Court has enacted rules for the appointment of counsel in criminal cases when a defendant makes a claim of ineffective assistance of counsel. Rules 24.035(e) and 29.15(e). Because Father's two claims of ineffective assistance are without merit, we need not address these questions.

■ Father first claimed in his letter his counsel failed to offer a statement given by M.M., C.D.M.'s half-sister who was shot during the May 9, 1993 incident. Father claimed M.M.'s statement would show C.D.M. was in the car and not in the biological mother's arms. The trial court did find Father shot the biological mother while C.D.M. was in her arms. It appears Father considers it significant whether C.D.M. was in his mother's arms or in the car when his mother was shot. Assuming C.D.M. was in the car, shooting the child's mother created "an irreparable emotional estrangement of the child from the father." *In the Interest of A.R.M.*, 750 S.W.2d 86, 89 (Mo.App.E.D. 1988). "It is difficult to conceive of a more calamitous event for a child than the murder of [his] mother by [his] father." *Id.* at 90. In addition, J.P. testified after C.D.M.'s mother was shot she fell in the driveway. Regardless whether C.D.M. was in the car or in his mother's arms, he was in close proximity of where his mother was shot. Father was not deprived of a meaningful hearing by counsel's failure to produce M.M.'s statement.

■ Father's second claim of ineffective assistance is his counsel failed to produce certain witnesses. Father does not name the witnesses but claims in his letter they would have testified C.D.M.'s biological mother lied when she obtained a restraining order. Even assuming these witnesses would have so testified, this does not justify a finding of ineffective assistance. The trial court found Father committed a "severe or recurrent act of physical abuse" by shooting and killing C.D.M.'s biological mother and shooting M.M. and J.P. on May 9, 1993. The trial court did not discuss the restraining order in its findings and whether C.D.M.'s biological mother lied in obtaining the order was, therefore, not relevant to the trial court's

---

2. A court appointed attorney may be awarded fees for services rendered to perfect an appeal.

*In the Interest of Y.M.H.*, 817 S.W.2d 279, 287 (Mo.App.W.D.1991).

decision. Father's trial counsel did not render ineffective assistance by failing to call the witnesses. *In the Interest of W.S.M.*, 845 S.W.2d 147, 153 (Mo.App.W.D.1993).

 In addition, this is not a case of ineffective assistance of counsel as was found in *In the Interest of J.C., Jr.*, 781 S.W.2d at 228–29. In that case, the parents' counsel "was entirely passive." *Id.* at 228. Counsel failed to object to the admission of reports and records even though objections could have been made. *Id.* Counsel also waived the right to cross-examine the authors of the reports. *Id.* Counsel failed to call two witnesses despite the fact they were at the hearing and expected to testify on the parents' behalf. *Id.* Counsel also made a statement which indicated it was a foregone conclusion to everyone involved at the hearing the parents' parental rights would be terminated. *Id.*

In the present case, counsel conducted extensive cross-examination of the witnesses including J.P. who testified regarding the May 9, 1993 incident. Counsel also objected to the admission of certain exhibits. The record simply does not reflect Father's counsel was passive or rendered ineffective assistance. Father was not deprived of a meaningful hearing and, therefore, was not prejudiced by the trial court's denial of counsel's motion to withdraw. *See State v. Ward*, 782 S.W.2d 725, 731–32 (Mo.App.E.D.1989).

The trial court's judgment is affirmed.

GRIMM, C.J., and DOWD, J., concur.