**Sharon Diane GIBBS, Plaintiff/Appellee,**

v.

**Barney E. GIBBS, Defendant/Appellant.**

**No. 84676.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 25, 1997.

Rehearing Denied April 17, 1997.

Certiorari Denied May 28, 1997.

---

Robert G. Boren, Oklahoma City, for Appellee.

Robert J. Unruh, Jr. Oklahoma City, for Appellant.

## OPINION

BUETTNER, Judge:

Appellant Barney E. Gibbs (Gibbs) appeals from the trial court's entry of a decree of divorce. He alleges that (1) the trial court abused its discretion when it denied his mo-

tion for continuance, and (2) he suffered from ineffective assistance of counsel.

Insofar as his first contention, Gibbs states that the trial court abused its discretion in denying his motion for continuance of trial on the merits to permit new counsel to conduct proper pre-trial discovery. In his motion, Gibbs asserted that his new (fourth) lawyer had not had time to prepare; that discovery was not conducted by his previous lawyers; and that his witnesses were unavailable on the trial date.

■ Refusal to grant a continuance "does not constitute reversible error unless an abuse of discretion is shown." *Oklahoma Gas and Electric Co. v. Chez,* 527 P.2d 165, 167 (Okla.1974). When the ground for the motion for continuance is that its refusal would deprive the movant of proper time to prepare, then he "must produce evidence of his 'due diligence' during the period actually allotted." *Id.* at 168. The record does not reveal that proof of due diligence was offered to the trial court. Further, we cannot find that the trial court abused its discretion when the movant failed to attach an affidavit showing the materiality of the evidence expected to be obtained, the residence of the witness, probability of procuring testimony from the witness within a reasonable time, and what facts he believed the witness would prove. 12 O.S. 1991 §§ 667, 668. Appellant has failed to show that the trial court abused its discretion when it refused to grant his motion for continuance.

■ Next, Gibbs argues that he did not have effective assistance of counsel during the course of the divorce proceedings.[1] As a rule, however, a litigant in a civil case does not have a right to counsel. When "counsel is not required, there is no right to effective assistance...." *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985). Consequent-

---

1. Gibbs expresses "unconscionable disappointment" with the trial court's decisions concerning custody, visitation, division of marital estate and the disposition of an inheritance claimed to be his separate property. Yet Gibbs does not appeal these issues or show how the allegedly erroneous decisions resulted from the lack of discovery or counsel misconduct.

ly, "ineffective assistance of counsel" is not a ground for reversal in a civil action.[2]

For these reasons, we affirm the decree of divorce as entered by the trial court.

AFFIRMED.

HANSEN, P.J., and JOPLIN, J., concur.

---

**2.** This case involves the principal issues of divorce and the subsidiary issue of child custody. We do not address the open question whether a parent may allege ineffective assistance of counsel when the State has been the successful prosecuting party in a parental rights termination case. In *Interest of C.D.M.*, 888 S.W.2d 725, 726 (Mo.App.1994), the court stated that the statutory right to counsel in parental termination proceedings and the right to court-appointed counsel in those proceedings if the parent is financially unable to employ counsel "implies a right of effective assistance of counsel for parents in a termination of parental rights proceeding."