2001 OK CIV APP 96

**Meri TROXELL, Plaintiff/Appellee,**

v.

**Jerry TROXELL, Defendant/Appellant.**

**No. 94,549.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 22, 2001.

Charles O. Schem, Oklahoma City, OK, for Appellant.

Terry Gust, Midwest City, OK, for Appellee.

## OPINION

CARL B. JONES, Judge:

¶1 Appellant, Jerry Troxell (husband), appeals the trial court's denial of a motion to vacate an amended Qualified Domestic Relations Order (QDRO). On October 28, 1991, Appellee, Meri Troxell (wife), and her husband were divorced. At the time of the divorce, the husband was in the military service of the United States Air Force. The divorce decree provided:

"Plaintiff is to receive 3/8ths of the Defendants (sic) retirement base pay upon Defendants (sic) retirement from the United States Air Force. Said allowance is computed in accordance with Oklahoma Statute 134 § F. Said computation in (sic) based on one half of 15 years of marriage and service overlap. Said amount is equal to 3/8ths (.375) X $1629.00 which equals $610.88 per month."

¶2 On January 13, 1992, an Order Nunc Pro Tunc was entered upon the husband's application correcting the amount in the above paragraph to $305.44 per month. No appeal was sought after the final decree. On June 20, 1997, the wife obtained a QDRO when the husband retired from the military. This order was not provided to us on appeal. The United States Air Force, Defense Finance and Accounting, refused to make direct payment to the wife because the QDRO did not contain the proper recitals relating to jurisdiction and the Soldiers' and Sailors' Civil Relief Act. An amended QDRO was filed on December 17, 1997 which was executed and approved by the husband's attorney. The amended QDRO contained a clause which provided the husband was required to pay the $305.44 per month out of his income if the military did not make the required payments.

¶3 Prior to the husband's retirement, the husband suffered an injury which resulted in his making a claim for disability benefits. Subsequent to his retirement, the husband's disability application was approved. Under federal law, the husband is not allowed to

receive full payment of both military retirement benefits and disability benefits. The amount of the husband's military retirement was reduced by the amount of the disability benefits awarded. 10 U.S.C. § 1408(a)(4)(B) (1998). The husband's military retirement monthly payment is less than the $305.44 ordered by the trial court. The husband filed a motion to vacate the amended QDRO. The wife filed a motion to determine retirement arrearage. The trial court denied the motion to vacate and entered a judgment against the husband for $11,022.98 in arrearage. The husband appeals.

¶ 4 The dispositive issues on appeal are: 1) whether the trial court had jurisdiction to enter an Amended QDRO; and 2) whether the Amended QDRO was an impermissible modification of the divorce decree as a result of additional provisions not contained in the divorce decree. The resolution of this last issue is dispositive of the husband's motion to vacate. Accordingly, whether the trial court erred in not vacating the Amended QDRO because the husband did not approve it or have knowledge of the provisions even though the Amended QDRO contained the signature of the husband's attorney will not be addressed by this Court.

■■ ¶ 5 The husband argues the trial court did not have jurisdiction to enter an Amended QDRO because the property division order was a final order not subject to any modification regarding any aspect. A QDRO constitutes the mechanism by which a divorce decree awarding retirement benefits to a spouse is enforced and collected with regard to the covered retirement programs. The trial court has authority to conform a QDRO to the terms of the underlying divorce decree as long as no impermissible modification of the property division of the decree is effected. *Taylor v. Taylor,* 2001 OK CIV APP 16, 19 P.3d 895, 898–99. The trial court had jurisdiction to enter a QDRO to effectuate the terms of the divorce decree.

■ ¶ 6 The husband argues the Amended QDRO contains additional provisions which were not contained in the divorce decree, in particular, a survivor clause, and a requirement of payment even though the retirement benefits are less than the amount awarded in the divorce decree which is essentially an indemnification clause. The husband contends these additional clauses are not in conformity with the terms of the divorce decree. We agree. Although, the divorce decree awards the wife a sum certain of the husband's retirement benefits, the decree does not provide for an indemnification clause or a survivor clause. Thus, the Amended QDRO contained impermissible modifications of the divorce decree and should have been vacated by the trial court.

■■ ¶ 7 This finding does not necessarily preclude the enforcement of the property division as requested by the wife's motion to determine retirement arrearage. Here, the wife was awarded a sum certain and not merely a percentage of the marital asset which in this case was the husband's military retirement benefits. Title 10 U.S.C. § 1408 (1998) does not preclude a court from enforcing a property division award in which the retirement benefits were properly divided but the property division award is subsequently averted by a spouse who converts the retirement funds or a portion thereof to disability benefits. In fact, 10 U.S.C. § 1408(e)(6) provides:

"(6) Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or *other payments* required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under paragraph (1) or subparagraph (B) of paragraph (4). Any such unsatisfied obligation of a member *may be enforced by any means available under law* other than the means provided under this section in any case in which the maximum amount permitted under paragraph (1) has been paid and under section 459 of the Social Security Act (42 U.S.C. 659) in any case in which the maximum amount permitted under subparagraph (B) of paragraph (4) has been paid." (Emphasis supplied)

Under *Mansell v. Mansell,* 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), and § 1408, the trial court is precluded from

considering disability benefits as marital property. However, the trial court is not precluded from determining whether other assets are available to satisfy the nonmilitary spouse's share of the marital property. Therefore, this matter is remanded to the trial court for an evidentiary hearing consistent with this opinion.

¶ 8 REVERSED AND REMANDED.

¶ 9 ADAMS, P.J., and JOPLIN, J., concur.