2003 OK CIV APP 105

**Debra L. NELSON, Plaintiff/Appellee,**

**v.**

**Neil E. NELSON, Defendant/Appellant.**

**No. 98,604.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 19, 2003.

Certiorari Denied Dec. 1, 2003.

Jay S. Walker, Lawton, OK, for Plaintiff/Appellee.

M. Monty Hightower, Burgess, Burgess, Burgess & Hightower, Lawton, OK, for Defendant/Appellant.

Opinion by RONALD J. STUBBLEFIELD, Judge.

¶ 1 Neil E. Nelson (Husband) appeals from provisions in a decree of divorce dividing marital assets including military retirement pay. The issue on appeal is whether the Trial Court abused its discretion in dividing the marital estate and in stating that it re-

tained jurisdiction regarding the payment of the retirement pay. Upon review of the record and applicable law, we find that it did not and affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Husband and Debra L. Nelson (Wife) were married on May 25, 1990. No children were born of the marriage. Husband is retired from the United States Army. Wife filed a petition for divorce on December 20, 2001. The parties met in mediation and on November 1, 2002, the mediation program reported to the Trial Court that the parties had reached an agreement. The "Memorandum of Understanding" stated, in part, that Husband and Wife "agree that the amount of [Husband's] Army retirement pay will be as determined by the legal opinion of the Army Staff Judge Advocate, Ft. Sill Oklahoma." [1] Each party submitted a proposed divorce decree with the joint motion to settle journal entry. The proposed decrees were in agreement on the percentage of Husband's retirement to which Wife is entitled—12.62%—but differed on the details of payment. The Trial Court entered a decree of divorce on November 8, 2002.

¶ 3 As to the division of military retirement pay, the Trial Court awarded Wife 12.62% of Husband's disposable retirement pay and provided that Wife is entitled to direct monthly payment of that amount from the United States Army Finance and Accounting Center. The decree also provided that, in the event the Military Finance Department does not pay Wife's share directly, or if the amount paid by the Department does not equal the full award, then Husband must make the required payment, or portion of the payment, to equal the full award. The decree makes the following provision:

[I]f [Husband] increases his VA Benefits and it reduces his Military Retirement, that this election by [Husband] shall not affect [Wife's] right to a monthly sum equal to [Wife's] portion of [Husband's] disposable retired pay as provided for

1. The Memorandum of Understanding and the proposed decrees subsequently submitted by the parties dealt with several different property division issues. However, Husband only appeals the decree provisions that address his military retirement pay. Accordingly, we will limit our discussion to the factual and procedural background of the division of the military retirement.

herein and reduction to the Military Retirement Pension now due and owing as a result of the election of [Husband] to receive the VA benefits, shall not reduce [Wife's] monthly sum as set forth herein. The Trial Court also provided that it would retain "jurisdiction to supervise and enforce" the payment of retirement pay and benefits.

¶ 4 Husband filed a motion for new trial on November 18, 2002, alleging that the Trial Court's order is contrary to law because the decree (1) unlawfully provides that Wife will be entitled to the same amount of money if Husband opts to increase his disability benefits, thereby decreasing his military retirement, (2) calls for direct payment by the Military Finance Center where the parties were not married for ten years during Husband's military service, and (3) provides for retained jurisdiction to supervise and enforce the payment of military retirement pay. The Trial Court denied the motion for new trial on November 20, 2002. Husband appeals.

## STANDARD OF REVIEW

¶ 5 Because a divorce action is one of equitable cognizance, a trial court has discretion to divide the marital estate. *Teel v. Teel*, 1988 OK 151, ¶ 7, 766 P.2d 994, 998. We will not disturb a trial court's order dividing marital property unless we find the court abused its discretion or that its determination is clearly contrary to the weight of the evidence or contrary to law. *Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418, 422. The appellant bears the burden of showing an abuse of discretion. *See Lincoln v. Lincoln*, 1992 OK CIV APP 124, ¶ 18, 840 P.2d 41, 45.

## ANALYSIS OF ISSUES

### I. Indemnification Provision

■ ¶ 6 Four of Husband's five propositions of error may be summarized as the contention that the Trial Court's order constitutes an illegal division of military disability benefits contrary to the dictates of *Mansell v. Mansell*, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). The *Mansell* case involved a dispute over whether military retirement pay that had been waived in order to receive veterans' disability benefits[2] constitutes community property that is divisible upon divorce. The *Mansell* Court noted that 10 U.S.C. § 1408 was enacted to authorize state courts to treat disposable retired pay as community property, *Id.* at 584, 109 S.Ct. at 2026, but went on to conclude that "disposable retired pay" does not include the amount of retired pay waived by the retired military member in order to obtain disability pay. *Id.* at 595, 109 S.Ct. at 2032.

¶ 7 After the *Mansell* decision, the effect of the waiver of military retirement benefits in favor of disability benefits upon the rights of former spouses has been the subject of a great deal of debate. Undeniably, veterans' disability benefits are the separate property of the veteran. *See, e.g., Gray v. Gray*, 1996 OK 84, ¶¶ 13–14, 922 P.2d 615, 619. However, in her dissent in *Mansell*, Justice O'Connor pointed out that under the majority's interpretation of section 1408, "a military retiree has the power unilaterally to convert community property into separate property and increase his after-tax income, at the expense of his ex-spouse's financial security and property entitlements." *Mansell*, 490 U.S. at 601, 109 S.Ct. at 2035 (O'Connor, J., dissenting).

¶ 8 The courts of several states have agreed with Justice O'Connor's position and have taken equitable action to protect former spouses faced with a reduction in payments due to a reduction in military retirement pay. *See* Major Fenton, *Uniformed Services Former Spouses' Protection Act and Veterans' Disability and Dual Compensation Act Awards*, 1998–FEB Army Law. 31, 32;

---

2. As the *Mansell* court noted, "[i]n order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he waives a corresponding amount of his retirement pay." *Mansell v. Mansell*, 490 U.S. 581, 583, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989). A service member has an incentive to receive veterans' disability benefits instead of military retired pay because disability pay is exempt from taxation and protected from certain creditors while retirement pay is not. *See* Captain Kristine D. Kuenzli, *Uniformed Services Former Spouses' Protection Act: Is There Too Much Protection for the Former Spouse?*, 47 A.F. L.Rev. 1, 23–24. Clearly, these advantages are helpful to veterans in maximizing their income.

*Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100, 113 (1997) (holding that, although disability benefits cannot be included as part of the marital estate, a court may consider the waiver of retirement pension benefits in favor of disability benefits "in determining whether there has been a material change in circumstances which would justify modification of an alimony award to a former spouse who was previously awarded a fixed percentage of the retirement pension benefits"); *In re Marriage of Strassner*, 895 S.W.2d 614 (Mo.Ct.App.1995) (holding that the trial court acted within its discretionary powers to prohibit a veteran from reducing his retirement pay, or requiring him to indemnify his spouse if he chose to do so); *Abernethy v. Fishkin*, 699 So.2d 235, 236 (Fla.1997) (holding that the lower court may enforce a final judgment "which guarantees a steady monthly payment to a former spouse through an indemnification provision providing for alternative payments to compensate for a reduction in non-disability retirement benefits"); *Scheidel v. Scheidel*, 129 N.M. 223, 4 P.3d 670 (N.M.App.2000) (holding that federal law does not prohibit a marital settlement agreement which provides for indemnification if husband takes voluntary action to reduce wife's share of military retirement benefits as along as the disability benefits are not specified as the source of the payments to wife); and *Johnson v. Johnson*, 37 S.W.3d 892, 894 (Tenn.2001) (holding that a wife obtained a vested interest in her portion of the retirement benefits as of the date of the divorce decree, and "[a]ny act of the military spouse that unilaterally decreases the non-military spouse's vested interest is an impermissible modification of a division of marital property and a violation of the final decree of divorce").

¶ 9 In *Troxell v. Troxell*, 2001 OK CIV APP 96, 28 P.3d 1169, another division of this Court addressed the issue of the division of military retirement pay which was later converted to disability pay. The Court held that "10 U.S.C. § 1408 (1998) does not preclude a court from enforcing a property division award in which the retirement benefits were properly divided but the property division award is subsequently averted by a spouse who converts the retirement funds or a por-

tion thereof to disability benefits." *Id.* at ¶ 7, 28 P.3d at 1171. The Court relied upon the provisions of section 1408(e)(6) which allow unsatisfied obligations to be enforced by any means available under the law. *Id.* Title 10 U.S.C.A. § 1408(e)(6) (West 1998) provides the following:

> Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under paragraph (1) or subparagraph (B) of paragraph (4). *Any such unsatisfied obligation of a member may be enforced by any means available under law. . . .*

(Emphasis added.) The *Troxell* Court concluded that, although *Mansell* and section 1408 preclude a trial court from considering military disability benefits as marital property, a trial court "is not precluded from determining whether other assets are available to satisfy the nonmilitary spouse's share of the marital property." *Troxell*, 2001 OK CIV APP 96 at ¶ 7, 28 P.3d at 1171–72.

¶ 10 The *Strassner* Court reasoned, as have the courts of other states, that where a wife's award of a percentage of disposable retired pay was calculated at the time of the divorce, her share in the pension "was finally determined on the date of the decree as to amounts which had not at that time been waived and, thus, the decree did not violate *Mansell* by distributing waived amounts." *Strassner*, 895 S.W.2d at 618. The Court went on to note that the trial court's order "protected wife's right to receive the property she had been allocated, or its value, without specifying an improper source of funds for indemnification." *Id.*

¶ 11 In this case, the Trial Court's order likewise does not impermissibly attempt to prevent Husband from receiving disability benefits. Nor does the order dictate that payment to Wife come from the disability benefit. Instead, the Trial Court drafted an equitable alternative requiring Husband to

pay the amount to which Wife had been decreed to be entitled prior to any waiver.

¶ 12 We conclude that the decree provisions regarding the award of retired military pay do not violate section 1408. That section deals only with direct pay from the appropriate military finance center and does not forbid payments enforced by other means, including payments made directly by the individual retired service member. Furthermore, the indemnity requirement imposed by the Trial Court does not violate the rule set out in *Mansell.* Indeed, it seems crafted specifically with the analysis of *Troxell* in mind. The approach taken by the Court is not prohibited by federal law because the Trial Court did not attempt to divide Husband's current disability benefits nor prohibit Husband from receiving future disability benefits. The provision solely prevents Husband from unilaterally reducing Wife's property award. It is not unduly burdensome of Husband, leaving him free to take advantage of the benefits available by waiving retirement pay in favor of disability pay, but at the same time protecting the vested rights of Wife. We conclude that the Trial Court did not abuse its discretion in requiring Husband to indemnify Wife in the event that he chooses to waive his retirement benefit in favor of additional disability benefits.

## II. Direct Payment

¶ 13 Husband also asserts that Wife is not entitled to direct payment of the retirement benefits from the United States Army Finance and Accounting Center. Husband asserts that he was only married to wife for eight years and four months while he was in the military. It is undeniable that 10 U.S.C.A. § 1408(d)(2) (West 1998) provides that, before direct payment can be required in cases of property division, the spouse or former spouse to whom the payments are to be made must have been married to the service member "for a period of 10 years or more during which the member performed at least 10 years of service creditable in determining the member's eligibility for retired pay." However, nothing in the record supports Husband's claim that this condition was not met. The parties marriage exceeded ten years and we have not been given any evidence in the record establishing the length of time during the marriage that Husband was in the military.

¶ 14 A presumption of correctness attaches to the rulings of a trial court and the burden is on the appellant to affirmatively demonstrate legal error by the assembled record. *Ouellette v. State Farm Mut. Auto. Ins. Co.,* 1994 OK 79, ¶ 15, 918 P.2d 1363, 1368. Thus, it was Husband's responsibility to include in the appellate record any materials necessary to secure corrective relief. Where an appellate record does not include the evidence necessary to support a proposition of the trial court's error, "a presumption arises that the court's decision was responsive to the proof adduced." *Belt v. State ex rel. Dep't of Pub. Safety,* 1998 OK CIV APP 86, ¶ 11, 959 P.2d 994, 997. In this instance Husband has simply not overcome the presumption that the lower court's order was correct.

## III. Continuing Jurisdiction

¶ 15 Husband also asserts the Trial Court erred in retaining jurisdiction to supervise and enforce the payment of retirement benefits. As a general rule, a final property division is not subject to later modification. *Jackson v. Jackson,* 2002 OK 25, ¶ 13, 45 P.3d 418, 426. However, a trial court does retain jurisdiction in regard to certain provisions of a divorce decree. It can conform a qualified domestic relations order (QDRO), the vehicle by which a spouse enforces and collects retirement benefits awarded in a divorce, "to the terms of the underlying divorce decree as long as no impermissible modification of the property division of the decree is effected." *Troxell,* 2001 OK CIV APP 96 at ¶ 5, 28 P.3d at 1171.

¶ 16 In this case, we conclude that the Trial Court's order merely states its retention of jurisdiction to enforce the retirement benefits through the use of a QDRO. The Court's judgment does not indisputably reflect any intent to otherwise modify a final property award. Thus, we find no error.

## IV. Appeal–Related Attorney Fees

¶ 17 In her answer brief, Wife requests that she be awarded appeal-related attorney fees. She asserts that Husband agreed to a disposition of the marital estate and then tried to deny her vested interest in his property. However, there is no indication that Husband's appeal was frivolous, lacking in merit, or that he unduly complicated the appeals process. Our review of the equities of the lawsuit leads us to conclude that each party should bear his/her own attorney fee for this appeal. *See Stepp v. Stepp,* 1998 OK 18, ¶ 20, 955 P.2d 722, 726.

## CONCLUSION

¶ 18 We find that the Trial Court did not abuse its discretion in requiring Husband to indemnify Wife for any future waiver of his retirement benefits in favor of disability benefits, nor in stating that it retained continuing jurisdiction over certain matters. The order of the Trial Court is therefore affirmed.

¶ 19 AFFIRMED.

COLBERT, V.C.J., and TAYLOR, P.J., concur.