2005 OK CIV APP 77

**Rodrigo MARIANO, Plaintiff/Appellant,**

v.

**Susan MARIANO, Defendant/Appellee.**

**No. 100,744.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 16, 2005.

J. Blake Dutcher, Jr., Godlove, Mayhall, Dzialo, Dutcher & Erwin, P.C., Lawton, OK, for Appellant.

Robert L. Ross, Newcombe, Redman, Ross & Newcombe, P.C., Lawton, OK, for Appellee.

Opinion by LARRY JOPLIN, Presiding Judge.

¶ 1 Plaintiff/Appellant Rodrigo Mariano (Husband) seeks review of the trial court's order denying his motion to clarify the parties' divorce decree, particularly concerning the share of his military retirement benefit awarded to Defendant/Appellee Susan Mariano (Wife). In this appeal, Husband asserts the "questioned language" of the divorce decree affecting a division of his military retirement benefits is ambiguous, and should be clarified to prevent a division of his military

retirement benefits accruing after the divorce. Having reviewed the record, however, the order of the trial court is affirmed.

¶ 2 Husband and Wife married in 1983, and of the marriage, two children were born. Husband, then a captain in the United States Army, commenced the instant action for divorce in 1995. By Decree of Divorce [1] filed February 26, 1996 after a trial on the merits, and as a part of the division of marital property, the trial court awarded Wife one-half of Husband's military retirement pay which accrued during the marriage:

> [Wife] is ... awarded as her separate property that portion of [Husband's] United States Army *disposable retirement pay* computed by multiplying by one-half a fraction the numerator of which shall be 123 and the denominator of which shall be the number of months creditable for retirement purposes which [Husband] shall have served at the time of his retirement from the United States Army, whenever that shall be....

(Emphasis added.)

¶ 3 In September 2003, Husband, now a Lieutenant Colonel, filed a combined motion to set and determine child support arrearages, and motion to clarify the Divorce Decree. In support of the motion to clarify, Husband alleged that, "[t]hrough oversight or omission, said paragraph [of the Divorce Decree pertaining to the division of his military retirement benefits] failed to precisely define the criteria and limitations upon which said division should be based, to wit, that said division should be computed at the time of retirement based upon [Husband's] rank and grade at the time of divorce (Captain) as [op]posed to whatever rank and grade he might hold at actual retirement."

¶ 4 So, said Husband, a "correction of such omission is necessary to clarify that [Wife's] share of [Husband's] retirement shall be limited only to the extent that it was actually acquired and incurred during the marriage,

..., to wit, Captain," because "[t]o do otherwise would be to divide property ... acquired after the date of the [divorce], to wit, that enhancement of retirement due to [Husband's] rise in rank and grade, which portion was not divisible but was acquired after the [divorce]." On consideration of the Husband's brief in support and the parties' arguments, however, the trial court denied the motion to clarify.

¶ 5 Husband appeals, and in his sole proposition of error, asserts that Wife is entitled to a share of only that part of his military retirement which accrued during the marriage, and that part of his military retirement which accrued after the divorce constitutes his separate property. *See, e.g., Randol v. Randol,* 1993 OK CIV APP 41, ¶ 4, 849 P.2d 1118, 1119.[2] Thus, says Husband, because Wife is entitled only to a share of his military retirement calculated according to his rank of Captain at the time of divorce, and because the divorce decree now grants Wife a share of his "disposable retirement pay" without limitation to rank, the decree ambiguously affects a division of his separate, after—acquired property, and the trial court should have clarified that latent ambiguity. *See, Jackson v. Jackson,* 2002 OK 25, ¶ 0, 45 P.3d 418, 421; *Ryan v. Ryan,* 2003 OK CIV APP 86, ¶ 22, 78 P.3d 961, 966. *See also, Boyett v. Boyett,* 703 So.2d 451, 452 (Fla. 1997); *Salazar v. Salazar,* 583 So.2d 797, 798 (Fla.App.1991); *Grier v. Grier,* 731 S.W.2d 931, 932 (Tex.1987).

¶ 6 Wife responds, first arguing the terms of the Divorce Decree, drafted by Husband, are clear and unambiguous, and need no clarification. Secondly, she points out, Husband has not retired, and may suffer a demotion or other unanticipated loss of retirement benefits, so that the precise level of Husband's final military retirement benefits cannot be ascertained, much less clarified. Third, and most importantly, says Wife, any error in the manner of the division of Husband's military retirement was patent on the

---

**1.** According to Wife, the Decree of Divorce was prepared by Husband.

**2.** "A part of Husband's military pension was acquired during the marriage. It was subject to division. The portion that was acquired by him

while he and Wife were not married is his separate property and it was error for the trial court to consider it to be a portion of the marital estate, or to divide it as a portion of the jointly acquired property."

face of the decree of divorce; such error was subject to appellate review and correction on a timely filed petition in error in 1996; Husband did not timely appeal; and, consequently, Husband may not now obtain modification of the now final division of marital property, including the division of his military retirement benefit, under the rubric of a "clarification." 12 O.S. § 990A(A); 43 O.S. § 134(A); *Jackson,* 2002 OK 25, ¶ 13, 45 P.3d at 426. We agree with Wife.

¶ 7 The cited authorities from other jurisdictions are clearly distinguishable. *Salazar* involved the modification of an *agreed—to* division of military retirement benefits in light of an unanticipated promotion shortly after entry of the final judgment. 583 So.2d at 797. *Boyett* was decided on a "certified conflict" of authorities after direct appeal pursuant to the Florida constitution. 703 So.2d at 451. Texas law permits the post-judgment division of community property not disposed of by the divorce decree. *See, e.g., Wilde v. Murchie,* 949 S.W.2d 331, 332 (Tex. 1997).[3]

¶ 8 The language of the subject decree is clear and *unambiguous.* The parties cite, and we find, no Oklahoma statutory or decisional authority permitting the post-judgment modification of the clear and *unambiguous* terms of a divorce decree.

¶ 9 Indeed, the power of the Oklahoma district courts to "clarify" a division of military retirement benefits is limited, and "clarification" can only be obtained to bring the terms of a qualified domestic relations order, the vehicle by which the division of military retirement benefits is enforced, into harmony with the provisions of the divorce decree. *Jackson,* 2002 OK 25, ¶¶ 15–16, 45 P.3d at 426–427; *Ozment v. Ozment,* 2000 OK CIV APP 52, ¶¶ 6, 15, 11 P.3d 635, 637, 639–640. Any error by the trial court in the division of the marital estate, including Husband's military retirement benefit, was patent on the face of the Decree of Divorce, and could only have been cured on a timely filed motion to vacate or a timely commenced direct appeal.

*See, e.g., Ozment,* 2000 OK CIV APP 52, ¶ 6, 11 P.3d at 637; *Stepp v. Stepp,* 1998 OK 18, ¶¶ 9, 12, 955 P.2d 722, 725; *Mayhue v. Mayhue,* 1985 OK 68, ¶¶ 8, 11, 706 P.2d 890, 895; *May v. May,* 1979 OK 82, ¶ 12, 596 P.2d 536, 540. Husband did not timely appeal or timely seek vacation of the 1996 decree.

¶ 10 We therefore hold the now final and unappealed terms of the division of the parties' marital estate, including the division of Husband's military retirement, cannot be modified under the guise of a "clarification." The trial court consequently did not err in denying Husband's motion to clarify. The order of the trial court is therefore AFFIRMED.

HANSEN, J., and BUETTNER, C.J., concur.

---

3. "Texas courts follow an established procedure for interpreting property divisions in divorce decrees. Community property not awarded or partitioned by a divorce decree is subject to later partition between the ex-spouses, who are considered joint tenants or tenants in common...." (Citations omitted.)