2007 OK CIV APP 58

**Michael HAYES, Plaintiff/Appellee,**

v.

**Catherine Maude HAYES, Defendant/Appellant.**

**No. 102,803.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 28, 2007.

Certiorari Denied June 4, 2007.

Robert L. Ross, Newcombe, Redman, Ross & Newcombe, P.C., Lawton, OK, for Plaintiff/Appellee.

Scott A. Hester, Hester, Schem, Hester & Batson, Oklahoma City, OK, for Defendant/Appellant.

Opinion on Rehearing by JOHN F. FISCHER, Judge.

¶1 Appellant Catherine Hayes (Wife) appeals from the Trial Court's denial of her Motion to Enforce a Decree of Divorce. Based on our review of the record on appeal and applicable law, we reverse and remand for further proceedings.

**BACKGROUND FACTS**

¶2 The parties divorced on December 12, 2000. At the time of the divorce, Appellee Michael Hayes (Husband) was in the United States Army. The decree of divorce was the result of a contested hearing and not by agreement of the parties. The divorce decree provided, in pertinent part:

12. As further property settlement, the Court finds that [Wife] should receive at the time of [Husband's] retirement from the U.S. Army, a pro-rata share of [Husband's] net military retirement benefit, calculated as follows:

If [Husband] retires from the U.S. Army after 20 years, [Wife] is to receive 19.2%

of [Husband's] net monthly military retirement pay. . . .

Said percentages were arrived at by dividing the number of months the parties were married prior to separation (7 years and 8 months = 92 months) by the total number of months [Husband] was on active duty in the U.S. Army at the time of retirement (20 years = 240 months). Once this number is obtained, it is divided by two to arrive at [Wife's] share of [Husband's] retirement pay to which she is entitled.

¶ 3 Husband retired from the Army on September 30, 2004 after twenty years of service. Consequently, Husband's contingent right to military retirement, of concern to the Trial Court in section 12 of the divorce decree, became fixed as of that date.[1] Likewise, Wife's right to 19.2% of that amount became fixed on that date. Husband received his first military retirement check for $1,605 from the Defense Finance and Accounting Service on November 1, 2004.

■ ¶ 4 On December 11, 2004, Husband began receiving a monthly check in the amount of $429 from the Veterans Administration (VA) based on a 30% disability rating. After receiving and approving Husband's application for re-evaluation of his disabled status, the VA subsequently increased Husband's disability rating to 80% and applied it retroactively to his benefits received after October 2004. Husband did not seek a modification of the decree based on this change in circumstance.[2]

¶ 5 Pursuant to federal law, Husband could only receive disability benefits to the extent that he waived a corresponding amount of his military retirement pay. 38 U.S.C. § 3105. Following re-evaluation of his disabled status, Husband's monthly disability benefits were $1,675. Consequently, Husband's monthly retirement pay, previously fixed at $1,605, was reduced to zero. Husband refused to pay Wife any portion of his retirement or disability, claiming that he never received any retirement pay and that the $1,675 disability payment was for future earnings and not subject to the divorce decree.

¶ 6 Arguing that Husband's unilateral act of converting his retirement benefits to disability pay constituted an impermissible modification or evasion of the Trial Court's property division order, Wife filed a Motion to Enforce Decree of Divorce on October 6, 2004. The Trial Court denied Wife's Motion finding that it lacked the authority to either prevent Husband from converting his retirement benefits to disability or require Husband to pay Wife a portion of his disability benefits. Wife appeals.

## STANDARD OF REVIEW

■ ¶ 7 A divorce is an action of equitable cognizance and a trial court exercises discretion in dividing the marital estate. *Teel v. Teel*, 1988 OK 151, ¶ 7, 766 P.2d 994, 998. On appeal, a trial court's property division will not be disturbed absent an abuse of discretion. *Jackson v. Jackson*, 2002 OK 25, ¶ 2, 45 P.3d 418, 422; *Nelson v. Nelson*, 2003 OK CIV APP 105, ¶ 5, 83 P.3d 889, 891. We review *de novo* the Trial Court's determination that it lacked the authority to grant the relief requested in Wife's motion. *Jackson*, 2002 OK 25 at ¶ 2, 45 P.3d at 422.

---

1. From this record we are unable to determine whether this amount reflected Husband's total retirement benefit, the unpaid portion of which would become part of Husband's estate on his death, or a payment to Husband while he was alive with no residue to his estate. For the reasons stated herein, this is a matter for the Trial Court's determination on remand.

2. Husband would not have had a right to seek modification of the Trial Court's division of military retirement to the extent it was an aspect of the property division. Absent fraud, a property settlement award cannot be modified in a post-decretal hearing. *Barth v. Barth*, 1990 OK 110,

¶ 1, 803 P.2d 1117, 1117. Nonetheless, we observe Husband's failure to pursue modification based on his new disabled status because it detracts from the credibility of his argument that the conversion of his military retirement pay to disability pay was not a voluntary act. Focus on the property division aspect of the decree, however, fails to consider Husband's obligation to pay monthly child support until 2010. Child support orders "may be modified upon a material change in circumstances." 43 O.S. Supp.2006 § 16 (a)(1). Apparently, Husband's disability was not material enough to warrant an attempt at modifying his child support obligation.

## DISCUSSION

 ¶ 8 In *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), *superseded by statute* 10 U.S.C. § 1408(a)(4), the United States Supreme Court held that "federal statutes then governing military retirement pay prevented state courts from treating military retirement pay as community property." *Mansell v. Mansell,* 490 U.S. 581, 584, 109 S.Ct. 2023, 2026, 104 L.Ed.2d 675 (1989). "In direct response to *McCarty,* Congress enacted the Former Spouses' Protection Act, which authorizes state courts to treat 'disposable retired or retainer pay' as community property." *Id.* (internal citations omitted). "Disposable retired or retainer pay" is defined as "the total monthly retired or retainer pay to which a military member is entitled," less certain deductions. 10 U.S.C. § 1408(a)(4). Included within these deductions are any amounts waived in order to receive disability benefits. 10 U.S.C. § 1408(a)(4)(B). Thus, *Mansell* established that although "state courts have been granted the authority to treat disposable retired pay as community property; they have not been granted the authority to treat total retired pay [including disability pay] as community property." *Mansell,* 490 U.S. at 590, 109 S.Ct. at 2029. Interpreting *Mansell* and related cases, the Trial Court concluded that it lacked the authority to grant Wife relief.

 ¶ 9 A trial court must divide marital property equitably. 43 O.S.2001 § 121. Consequently, a trial court has wide discretion to determine what portion of the marital property should be awarded to each spouse. Husband contends that "the only thing the Court awarded [Wife] was a portion of any retirement which [Husband] might in fact receive." Therefore, Husband argues that because he received no retirement, Wife is not entitled to receive anything.

¶ 10 First, Husband's contention is factually inaccurate. The original decree of divorce provided, "[I]n the event [Husband] chooses to or is forced to retire from the U.S. Army prior to serving 20 years on active duty,[3]

[Wife] shall be entitled to receive a pro-rata share of any lump sum payment and/or voluntary separation pay paid to [Husband] by the U.S. Army...." Thus, the Trial Court's decree clearly granted Wife a vested interest in a portion of any payment Husband might receive on his early separation from the Army.

¶ 11 Second, Husband's contention is unsound. In its decree of divorce, the Trial Court granted Wife a portion of the marital estate based, in part, on Husband's anticipated retirement and calculated pursuant to a formula designed to ascertain that portion of his retirement earned during the marriage. In doing so, the Trial Court awarded Wife property to which she remains entitled absent a modification of the decree. That property was obviously a critical component of the Trial Court's equitable division of the parties' total property at the time of the decree. But for this amount, the Trial Court would have been required to allocate other marital assets to Wife. Husband did not challenge the Trial Court's original division of property, we must conclude, because he recognized that it was an equitable division. Nonetheless, he has refused to carry out the property division contemplated by the Trial Court.

¶ 12 In *Troxell v. Troxell,* 2001 OK CIV APP 96, 28 P.3d 1169, another division of this Court addressed the issue of the division of military retirement pay later converted to disability pay. The *Troxell* court held that although a trial court cannot consider disability benefits as marital property, it "is not precluded from determining whether other assets are available to satisfy the nonmilitary spouse's share of the marital property." *Id.* 2001 OK CIV APP 96 at ¶ 7, 28 P.3d at 1171–72. In reaching this conclusion, the *Troxell* court relied on language in 10 U.S.C. § 1408(e)(6), which provides:

Nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order

---

3. Twenty years on active duty—or equivalent time spent in what is known as "qualifying service" as a reservist—is the basic eligibility requirement for military retirement. Every service member who reaches the requirement can receive retired pay that increases each year through a cost-of-living adjustment. 10 U.S.C. § 3911.

on the grounds that payments made out of disposable retired pay under this section have been made in the maximum amount permitted under paragraph (1) or subparagraph (b) of paragraph (4). *Any such unsatisfied obligation of a member may be enforced by any means available under law . . . .*

(Emphasis added).

¶ 13 Husband argues that *Troxell* is inapplicable to the present controversy because the decree of divorce does not provide a specific dollar amount of payment. The divorce decree issued in *Troxell* provided that the plaintiff was to receive "3/8ths of the Defendants retirement base pay upon Defendants retirement from the United States Air Force . . . which equals $610.88 per month." Although the decree reviewed in *Troxell* translated the percentage awarded into a specific dollar amount, it is obvious from the language of the opinion that, in specifying this amount, the court merely provided further clarification of its award. We decline to interpret *Troxell* as requiring both a formula and the dollar amount of that computation.[4]

¶ 14 As in *Troxell,* the Trial Court in this matter awarded Wife marital property equal to a portion of Husband's retirement benefits based on a set percentage. As a result, Husband has an adjudicated duty to Wife, which he has a legal obligation to satisfy even though the dollar amount of that obligation could not be determined until after the decree was entered. Although an exact monetary figure was not also included in the de-

cree, we are unable to find any language in *Troxell* holding that the absence of a sum certain precludes a trial court from including anticipated payments on retirement in its property division order. This is particularly true where, as in this case, the exact dollar amount was not ascertainable at the time of the decree because Husband had not yet retired from the Army.[5]

¶ 15 Husband also argues that Wife's request for relief is an impermissible attempt to modify a final property division out of time. As both parties recognize: absent fraud, a property settlement award cannot be modified in a post-decree hearing. *See Clifton v. Clifton,* 1990 OK 88, 801 P.2d 693.[6] However, Wife's requested relief is not an attempt to modify the Trial Court's property division. Rather, Wife seeks to compel Husband to satisfy his previously adjudicated, unappealed and unmodified property division obligation.

¶ 16 The Trial Court was correct in holding that it could not require Husband to pay Wife a portion of his federally protected disability benefits. However, that does not mean the Trial Court is precluded from granting Wife any relief. Despite his 80% disability rating, Husband continued to work full-time after his retirement from the Army, a fact the Trial Court may consider along with all other aspects of Husband's financial condition.

¶ 17 The Trial Court's decree of divorce does not require Husband's payments to

4. We note that it is common practice for a trial court to assign proportionate sums of anticipated retirement pay to a military spouse where, as in this case, the exact amount of retirement is not ascertainable at the time the decree is entered. See e.g. *Jackson v. Jackson,* 2002 OK 25, 45 P.3d 418; *Mariano v. Mariano,* 2005 OK CIV APP 77, 122 P.3d 493; *Ozment v. Ozment,* 2000 OK CIV APP 52, 11 P.3d 635.

5. Although *Troxell* dealt with a Qualified Domestic Relations Order, its holding is applicable in this case. An issue in both cases is a nonmilitary spouse's right to a property division award based on military retirement subsequently converted to disability. In *Troxell,* the trial court ordered the husband to pay the wife from his own funds if the military did not pay her directly. In this case, the Trial Court found jurisdiction lacking to enter that type of order. Contrary to the Hus-

band's argument, that distinction does not render *Troxell* inapplicable. The *Troxell* Court reads the applicable law as we do. "Title 10 U.S.C. § 1408 does not preclude a court from enforcing a property division award in which the retirement benefits were properly divided but the property division award is subsequently averted by a spouse who converts the retirement funds or a portion thereof to disability benefits." *Troxell,* 2001 OK CIV APP 96 at ¶ 7, 28 P.3d at 1174.

6. Fraud was not an issue in the Trial Court and we do not impute that kind of conduct to Husband on the basis of this record. Nonetheless, it is not difficult to envision a scenario whereby a party's *intentional* conduct could produce results similar to those in this case sufficient to justify a modification of the property division order for fraud.

Wife to come from any particular source. Rather, the decree provides that Wife shall receive an amount equal to a pro-rata share of Husband's eventual military retirement. The decree memorializes Husband's legal obligation, which Husband may satisfy from whatever source of funds he chooses.

¶ 18 Our holding today, therefore, does not conflict with Oklahoma's policy against modification of a final property division. Nor does this result conflict with well established authority excluding future disability benefits from the marital property subject to division in a divorce proceeding. *See e.g. Crocker v. Crocker*, 1991 OK 130, 824 P.2d 1117; *Christmas v. Christmas*, 1990 OK 16, 787 P.2d 1267; *Davis v. Davis*, 2004 OK CIV APP 30, 87 P.3d 640. *Crocker, Christmas,* and *Davis* are premised on the principle that disability payments in lieu of future earnings are not jointly acquired by the divorcing parties during their marriage. That principle has no application to this case wherein Husband voluntarily exchanged jointly acquired property, previously divided by the Trial Court, for disability payments that he now contends are beyond the reach of the Trial Court.

### CONCLUSION

¶ 19 We hold that the Trial Court erred in determining that it lacked the authority to entertain Wife's Motion to Enforce Decree of Divorce. The Trial Court has jurisdiction consistent with this opinion and existing law, to enforce Husband's previously adjudicated obligation pursuant to the property division order. Accordingly, we reverse that portion of the order finding that the Trial Court lacked authority to require Husband to satisfy his previously determined obligation to Wife.

¶ 20 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

WISEMAN, P.J., and GOODMAN, J., concur.