2007 OK CIV APP 86

**In re the Marriage OF Lana K. GUY, Petitioner/Appellee,**

**and**

**Stephen P. Guy, Respondent/Appellant.**

**No. 103,587.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 17, 2007.

Tracy Cotts Reed, Oklahoma City, OK, for Petitioner/Appellee.

Doug Merritt, Oklahoma City, OK, for Respondent/Appellant.

## OPINION

ADAMS, Judge.

¶1 Stephen Guy (Husband) appeals the trial court decision in this marital dissolution action arguing the trial court awarded too large of a portion of the marital property to Lana Guy (Wife), erred in considering his disability benefit from the Veteran's Administration (VA) in dividing marital property, incorrectly determined his income for purposes of child support, and improperly ordered him to pay the monthly cost of the Survivor Benefit Plan (SBP) attached to his military retirement to ensure Wife continued to receive a portion of his military retirement upon his death. We conclude the trial court abused its discretion in some respects, modify the decision to correct those errors, and affirm the decision as modified.

¶2 When Wife filed her dissolution petition, she and Husband had been married the second time[1] for approximately 21 years,

---

1. The parties had been married to each other previously, but divorced in 1979 and were re- married in 1983.

during which period Husband had continuously served on active duty with the United States Army until his retirement approximately 2 years prior to the filing of her petition. The parties had one adult son and a son who was seventeen at the time of trial.

¶ 3 Both parties testified at trial and were the only witnesses called. For the most part, the parties agreed on the values of the marital property and the amount of marital debt. Wife presented the majority of the evidence in this regard in her exhibits, and Husband testified to a difference of opinion on the value of certain items of property. The parties presented no evidence on the nature or value of the household goods and furnishings but agreed that each should retain those items already in their possession.

¶ 4 The major marital asset in dispute was Husband's military retirement. Husband retired two years prior to the commencement of this action with 24 years of service credit. Approximately five months prior to his retirement, Husband applied for disability compensation from the VA for service-connected disabilities and was granted compensation attributable to a disability rating of 80%. Under 10 U.S.C. § 1408(a)(4)(B) (1968), the receipt of VA disability compensation reduces the retirement benefit dollar for dollar, but the VA compensation is not subject to federal income taxation. Husband's disability award coincided approximately with his retirement date.

¶ 5 The trial court initially announced its decision by a minute order granting the divorce, placing custody of the minor son with Wife with visitation to Husband, determining the parties' monthly incomes for child support calculation, awarding marital property and allocating marital debt, and denying Wife's request for support alimony. Wife's property award included an alimony in lieu of property award of $21,000 payable by September 12, 2006, and an award of 40% of Husband's military retirement benefit. The order did not address the issue of the SBP available on the military retirement, although that issue had been raised at trial.

¶ 6 Ten days after the trial court announced its decision, but before any journal entry that qualified as a final order was filed, Wife filed a motion requesting the trial court to address the SBP and reconsider other issues. Subsequently, the trial court announced an additional decision which left the original decision unchanged, except that it granted the SBP to Wife, required Husband to pay the monthly cost of that benefit, and also awarded Wife an additional award of $21,900 alimony in lieu of property payable over six years. This additional award was, according to the trial court, intended to compensate Wife for her share of that portion of Husband's retirement which was reduced by the VA compensation.

¶ 7 Husband first argues that the trial court should not have made an additional determination because Wife did not present any statutory basis under 12 O.S.2001 § 1031 for doing so. This argument overlooks the fact that the minute order was not a judgment as defined in 12 O.S.2001 § 696.2(D).[2] Therefore, the trial court retained unfettered control over its contents until at least thirty days after a formal journal entry was filed. 12 O.S.2001 § 1031.1(A). Accordingly, we reject any procedural arguments concerning the manner in which the trial court ultimately resolved all of the issues in this case and will review the trial court's final order in its entirety in deciding the appeal.

¶ 8 With regard to property division, Husband argues the trial court abused its discretion in three respects: (1) awarding Wife more of the marital property than was equitable, (2) awarding Wife a share of Husband's separate property, his VA compensation, and (3) requiring Husband to pay the cost of providing the SBP. Because the first two arguments are interrelated, we address them together.

¶ 9 A divorce action is one of equitable cognizance in which the trial court has discretionary power when dividing the marital estate. *Teel v. Teel*, 1988 OK 151, 766 P.2d 994. We may disturb the trial court's

---

2. While the trial court's decision was "enforceable" when pronounced under 12 O.S.2001 § 696.2(E), it was not final and appealable because it was a minute order and also contained directions for preparation of the journal entry.

decision only if we determine the trial court's order is clearly contrary to the weight of the evidence or an abuse of discretion. *Hough v. Hough*, 2004 OK 45, 92 P.3d 695. We consider Husband's arguments under that standard of review.

¶ 10 Without considering the household goods and furnishings each party possessed and retained by agreement and the award of 40% of Husband's military retirement benefit, which was an equitable division in kind giving Wife just under one half of the amount of his benefit earned during the marriage,[3] Wife received marital property valued at $128,500 and was allocated marital debt of $65,712.58, for a net property award, without considering either alimony in lieu of property award, worth $62,787.42.[4] Without considering either alimony in lieu of property award, Husband received marital property with a value of $158,578 and was allocated marital debt of $64,533.15, for a net award worth $94,044.85. · Adding only the initial alimony in lieu of property award to Wife's side and subtracting it from Husband's side makes the values $83,787.42 to Wife and $73,044.85 to Husband, or 53.4% for Wife and 46.6% for Husband.

¶ 11 Division of marital property in a dissolution proceeding is required to be "equitable," not necessarily "equal." *Stansberry v. Stansberry*, 1978 OK 77, 580 P.2d 147. Considering all of the evidence in this case, including evidence that Husband worked only briefly following his retirement from the military at age 43, despite having demonstrable skills from his military service, but preferred to spend his time for the last ·year of the marriage drinking beer and smoking "pot" on the parties' land near Guthrie or hanging out with friends in bars, we cannot say the trial court would be unjustified in concluding Husband impeded the accumulation of the marital estate during that period. Without considering the second award of alimony in

lieu of property, the trial court's division of property was equitable.

¶ 12 However, it is beyond question that Husband's VA compensation was his separate property and was not subject to division by the trial court. *Gray v. Gray*, 1996 OK 84, 922 P.2d 615. Husband contends the trial court, in effect, treated it as part of the marital estate by making the second alimony in lieu of property award.

¶ 13 Wife correctly argues that the trial court did not award her any share of the VA compensation award but argues the trial court could and did properly compensate her for the diminution of a marital asset, Husband's military retirement, resulting from the award of VA compensation. She cites *Troxell v. Troxell*, 2001 OK CIV APP 96, 28 P.3d 1169, and *Nelson v. Nelson*, 2003 OK CIV APP 105, 83 P.3d 889, as supporting that determination. Such reliance is misplaced.

¶ 14 *Troxell, Nelson*, and a third case following them, *Hayes v. Hayes*, 2007 OK CIV APP 58, 164 P.3d 1128 (Mandate issued June 22, 2007), all recognized the trial court's power *post-decree* to enforce through other property of the military member spouse a property division contained in the decree which awarded a spouse a defined share of the military member spouse's military retirement pay where the retirement pay *anticipated in the decree* was reduced *post-decree* by an application for and receipt of VA compensation by the military member spouse *after the decree.*

¶ 15 As noted in *Troxell*, 2001 OK CIV APP 96, ¶ 7, 28 P.3d at 1171,

Title 10 U.S.C. § 1408 (1998) does not preclude a court from enforcing a property division award in which the retirement benefits were properly· divided but · the property division award is *subsequently averted* by a spouse who converts the re-

---

**3.** Husband and Wife were married for the second time during nineteen years and five months of Husband's twenty-four years of military service. Under a commonly used formula to determine the "marital" portion (years of marriage during service/total years of service), the marital portion

of his retirement would be approximately 80.9% and one-half of that would be 40.45%.

**4.** These are the values which are supported by the evidence reviewed under our standard of review.

tirement funds or a portion thereof to disability benefits. (Emphasis added).

That is not the case here. Husband's application for VA compensation was filed almost six months before he retired, more than one year before Wife says the relationship began to deteriorate, and more than two years before the dissolution case was filed.

¶ 16 The record contains absolutely no evidence to support a conclusion that the request for VA compensation was made for purpose of pre-divorce planning or in an attempt to deprive Wife of her equitable share of the military retirement. Moreover, it contains no evidence that the decision to obtain such compensation, which increased the net pay because it was not subject to taxation like the retirement pay, was not a mutual decision to benefit the marital estate.

¶ 17 The logical extension of the approach adopted by the trial court and urged by Wife, i.e., that any pre-divorce reduction of military retirement by receipt of VA compensation is converting a marital asset to a separate asset which requires a compensating award to the non-military spouse, would completely undermine the policy decision made by Congress in preventing VA compensation from being treated as marital property. No matter how "unfair" a court might believe such a policy decision to be, a court is not free to disregard it.

■ ¶ 18 Although the trial court was allowed to consider the VA compensation as a potential source for Husband to satisfy his obligations under an "equitable" property division, it could come into play only if Wife was not otherwise receiving an equitable share of the marital property, which cannot include the VA compensation. As noted, Wife received an equitable share of the marital property without considering the second alimony in lieu of property award. The award of the second alimony in lieu of property judgment was an abuse of discretion.

¶ 19 Husband also argues that the trial court erred in requiring him to pay the ongoing monthly cost of the SBP he had elected for the military retirement while awarding that benefit to Wife. Based on its description in the evidence, this benefit appears to be similar to an insurance policy which allows at least a portion of the retired military member's benefit to continue to be paid to the "survivor" after the member's death. The monthly cost for this benefit at the time of trial was $198.49.

■ ¶ 20 We agree with Husband that *Clark v. Clark*, 1969 OK 141, 460 P.2d 936, is on point. In that case, the trial court had ordered a husband to maintain his wife as the beneficiary of a life insurance policy. The *Clark* Court concluded this provision required husband to keep the policy in force and pay the premium and therefore constituted support alimony. Because it was not for a definite amount and term, the Court concluded this provision was void. We must reach the same result. The order requiring Husband to pay the cost of the SBP was contrary to law and an abuse of discretion.[5]

¶ 21 Husband also argues that the trial court erred with regard to child support by imputing income to him beyond the total of his VA Compensation and military retirement pay and by making him responsible for one-half of the expenses connected with a juvenile proceeding involving charges against the parties' seventeen year old son. We must review both of these arguments under the previously stated standard of review.

■ ¶ 22 For purposes of child support, the trial court determined Husband's gross monthly income to be $4,135, and Husband argues it should have been limited to $3,050, the total he says he received in VA compensation and retirement pay after deducting the cost of the SBP.[6] In response, Wife points to evidence that Husband received an additional $410 monthly as special severe disability compensation and that Husband

---

5. Husband does not argue that the award of the SBP to Wife was in itself error, so we do not disturb that portion of the order. This leaves Wife to pay the cost associated with the asset awarded her.

6. Husband does not suggest that the trial court should have reduced his income further by eliminating from his retirement pay the amount Wife will receive or that it should have increased Wife's income by that amount. Therefore, we do not address that issue.

was capable of earning additional income based on his skills. After reviewing the evidence, we cannot conclude that the trial court's determination of his income was clearly contrary to the weight of the evidence.

¶ 23 After this case was filed, Wife expended approximately $1,880 in documented expenses in connection with a proceeding in juvenile court in which the parties' seventeen year old son was charged with several criminal offenses. In that portion of its order making the property division, the trial court treated these expenses as a marital debt and ordered Husband to reimburse Wife for one-half of them. On appeal, Husband argues such expenses were not "necessities of life" and therefore were not proper child support.

¶ 24 However, these expenses were not treated as "child support" by the trial court but as a marital debt. Husband has not questioned whether they were a proper marital debt, and therefore he has waived any argument concerning the trial court's order in this regard.

¶ 25 Finally, Husband claims he should obtain reversal, arguing his attorney at trial was ineffective because the attorney told him he did not need to be present when the trial court announced its decision on

Wife's motion filed after the trial court's original decision. Husband had no right in this case to court-appointed counsel, and thus he may not obtain reversal on the basis of "ineffective assistance of counsel." *Gibbs v. Gibbs*, 1997 OK CIV APP 29, 941 P.2d 1014.[7]

¶ 26 The trial court abused its discretion in granting Wife the second alimony in lieu of property judgment of $21,900 and in ordering Husband to pay the monthly cost of the SBP attached to his military retirement. In all other respects the trial court's order is neither an abuse of discretion nor clearly contrary to the weight of the evidence. The trial court's judgment is modified to eliminate the second alimony in lieu of property award of $21,900 and to require Wife to pay the monthly SBP cost. As so modified, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

JOPLIN, P.J., and MITCHELL, V.C.J., concur.

---

7. Husband's brief suggests *Nelson v. Nelson*, 1998 OK 10, 954 P.2d 1219, allows us to consider this argument. *Nelson* did not involve ineffective assistance of counsel but rather a father who lost visitation rights with his children in a default judgment in a divorce case because he had not attended classes mandated by statute. The Court concluded due process required that he be given notice of such a possible sanction for not attending the classes, considering the fundamental nature of a parent's right to their minor children. The case is of no impact here.